Jack AMMANN, Appellant,

v.

ST. JOE PAPER CO., Appellee.

No. 13695.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 14, 1960.

Rehearing Denied Jan. 14, 1961.

Morris R. Edwards, San Antonio, for appellant.

LeLaurin, Chamberlin & Guenther, San Antonio, for appellee.

POPE, Justice.

St. Joe Paper Co., a Florida corporation, sued Jack Ammann, d/b/a Chimney's Ranch, and recovered judgment for $1,-832.11, interest and attorney's fees. The defenses were that the paper company did not have a permit to transact business in Texas, and that the defendant did not authorize the purchases.

◼ The suit was for an unpaid account for turkey boxes which the paper company claimed defendant ordered and did not pay for. The order was taken in June, 1957, and the paper company delivered the boxes in three shipments during June and July. To meet defendant's objection that it did not have a permit to do business in Texas, the paper company introduced a certificate of authority dated December 18, 1957. Article 8.18, Texas Business Corporation Act, as amended in 1955, V.A.T.S., permits a foreign corporation to file suit after obtain-ing a certificate of authority, even on actions arising out of business transacted before it had the permit.

The defense on the merits is that the paper boxes were purchased by an employee who had no authority to make the purchase. The agent for the paper company went to Chimney's ranch, near Boerne, Texas, for the purpose of selling turkey boxes used for shipping processed turkeys. On his first visit, he met defendant, Jack Ammann, the owner, who was then conversing with George Sawyer. Sawyer was Ammann's employee, and he was in charge of the poultry activities on the ranch. When the agent for the paper company met Ammann and Sawyer, he told them that he was with the St. Joe Paper Company. Mr. Ammann told the agent that Sawyer would "take care of him." After the agent made several trips to the ranch, Sawyer placed the order for the boxes. The testimony is that the boxes were necessary for processing and marketing the turkeys, that the boxes were later shipped, and that defendant actually used about two-thirds of the boxes. The defense is that Sawyer had no authority to spend money, and that Ammann's prior approval was necessary for all ranch purchases.

◼ Ammann, the owner of the ranch, knew that the agent for the paper company was at the ranch for the purpose of discussing a possible order for material necessary for the shipment of processed turkeys. When the owner told the agent that Sawyer would take care of him, in the opinion of the trial court, the principal so clothed Sawyer with the indicia of authority as to lead a reasonably prudent person to believe that he actually had such authority. Wewerka v. Lantron, Tex.Civ.App., 174 S.W. 2d 630; Great American Casualty Co. v. Eichelberger, Tex.Civ.App., 37 S.W.2d 1050, 1052. We are of the same opinion.

The judgment is affirmed.