Burt TROYAN, Appellant,

v.

SNELLING & SNELLING, INC., Appellee.

No. 18578.

Court of Civil Appeals of Texas, Dallas.

May 29, 1975.

Reagan M. Martin, Martin, Harrison & Withers, Dallas, for appellant.

Robert H. Mow, Jr., Corbet F. Bryant, Jr., Carrington, Coleman, Sloman, Johnson & Blumenthal, Dallas, for appellee.

GUITTARD, Justice.

In this suit by a franchiser against a former licensee to enforce a covenant against competition, the franchiser's right to sue was challenged on the ground that it was a foreign corporation doing business in Texas without a certificate of authority issued by the Secretary of State. The licensee also defended on the ground that the suit was barred by laches. The judge allowed the trial to proceed before a jury, but after verdict he declined to render judgment for plaintiff unless a certificate of authority was produced within thirty days. Plaintiff produced the certificate within that time, and the court then rendered judgment granting a permanent injunction. Defendant appeals. By cross-point, plaintiff complains that the trial court erred in requiring it to produce the certificate of authority.

We hold that the trial court was correct in allowing the trial to proceed and in rendering judgment for plaintiff after the certificate was produced. We also hold that plaintiff's suit was not barred by laches, since detriment to defendant by reason of delay in bringing the suit was not established by the jury's verdict or by undisput-

ed evidence. We overrule plaintiff's cross-point because after plaintiff presented the certificate to the court and the court granted the injunction prayed for, the court's requirement that the certificate be obtained became moot, in so far as the present case is concerned.

### 1. *Right to Maintain Suit*

■ Defendant argues that plaintiff's petition shows on its face that the present cause of action arose out of intrastate business done without a certificate of authority as required by Tex.Bus.Corp.Act Ann. art. 8.18 (V.A.T.S.1956) and, consequently, that the court erred in allowing the trial to proceed until plaintiff obtained and presented such a certificate of authority or established by evidence that it was not required to do so. We cannot agree.

In the first place, we conclude that the requirements of article 8.18 were satisfied by presentation of the certificate before entry of final judgment. The material provisions of the statute are as follows:

A. No foreign corporation which is transacting, or has transacted, business in this State without a certificate of authority shall be permitted to maintain any action, suit, or proceeding in any court of this State (whether brought directly by the corporation or in the form of a derivative action by a shareholder) on any cause of action arising out of the transaction of business in this State, until such corporation shall have obtained a certificate of authority. . . .

B. The failure of a foreign corporation to obtain a certificate of authority to transact business in this State shall not impair the validity of any contract or act of such corporation, and shall not prevent such corporation from defending any action, suit or proceeding in any court of this State.

By its express terms, this statute does not impair the validity of any contract made by a corporation which has failed to obtain a certificate of authority to transact business in this state. Such a corporation is forbidden from maintaining suit "until such corporation shall have obtained a certificate of authority."

The comment of the bar committee which drafted the statute explains that the purpose of this article was to abolish the former rule that a foreign corporation could not sue in the Texas courts, even after securing a permit, on a cause of action arising out of intrastate business transacted in Texas at a time when such corporation had not secured a permit, and to permit such a suit after the defending corporation had obtained a certificate of authority. Tex.Rev.Civ.Stat.Ann. art. 8.18, comment (Vernon 1956). This change in the law was recognized in Ammann v. St. Joe Paper Co., 341 S.W.2d 700, 701 (Tex. Civ.App.—San Antonio 1960, per Pope, J., no writ). Thus, it appears that the primary objective of the present statute is to encourage such a corporation to obtain authority rather than to penalize it for doing business without authority. That objective was accomplished in this case by requiring production of the certificate before entry of judgment. No useful purpose could have been accomplished by postponing the trial.

■ In the second place, we conclude that the judge had discretion to proceed with the trial without proof of plaintiff's capacity to sue because of defendant's delay in raising the question. The record shows that defendant filed an original and two amended answers without raising any question of plaintiff's lack of authority to sue. Defendant announced ready for trial on the morning of August 26, 1974, and the trial began. Immediately before the noon recess, after voir dire of the jury panel, defendant presented a "motion to dismiss" and also a "motion to abate," raising for the first time the contention that plaintiff had no right to maintain the action without a certificate of authority.

Plaintiff objected to these motions on the ground, among others, that they were not timely filed. The judge agreed that the motions were not timely filed. He observed that he considered them "an imposition on the docket of this court" in view of the fact that defendant had waited to present them until after the court had excused counsel in other cases called for that day and was, therefore, unable to begin another trial. In response, counsel for defendant admitted that he had "always known" that plaintiff was not qualified to do business in Texas, but he explained that if he had raised the matter earlier the plaintiff "could have filed and could have qualified" and thus "the right of this defendant to insist that the foreign corporation be qualified would be gone." The judge overruled the motions, but stated that he would reconsider the matter. The trial then proceeded and the jury returned a verdict favorable to plaintiff.

Afterward, on September 18, the court entered an order reciting that the court had reconsidered defendant's plea in abatement and that such plea was granted to the extent that entry of final judgment was postponed for thirty days. The order provided further that on failure of plaintiff to file within that period a certificate of authority to do business in Texas, the cause would be dismissed, but that on filing of such a certificate a final judgment granting a permanent injunction would be entered. The next day, September 19, plaintiff filed an affidavit showing compliance with the court's order and also a certificate of authority for plaintiff to transact business in the state signed by the Secretary of State. Accordingly, on September 20, the judge signed the final order granting the injunction.

We conclude that the judge acted well within his discretion. To dismiss the suit or postpone the trial until plaintiff had filed its certificate of authority would only have delayed the disposition of the controversy. Since defendant announced ready for trial and deliberately refrained from raising the question until after the trial had already begun, he is in no position to complain that the court was not authorized to proceed with the trial. His rights were fully protected by the court's requirement that the certificate be filed before entry of final judgment. We commend the judge for meeting this dilatory maneuver in a manner that avoided disruption of the docket, that was fair to both parties, and yet accomplished the purpose of the statute.

## 2. *Laches*

■ Defendant contends that the defense of laches was established by the jury's affirmative answer to issue number ten, which was to the effect that plaintiff failed to act with reasonable diligence to prevent defendant from engaging in a similar business. No issue was submitted concerning any detriment to defendant from plaintiff's failure to act with reasonable diligence, but defendant argues that such detriment was established as a matter of law by evidence that after defendant terminated his connection with plaintiff, he had opened another business and that plaintiff's executives had negotiated with him for the purchase of such business and had led him to believe that he would not be sued for violation of his covenant against competition. Although defendant testified that he invested substantial sums in the new enterprise, he does not assert that he sustained any actual loss as a result of plaintiff's failure to file the suit earlier. Although he may have changed his position, the evidence does not establish as a matter of law that the change was disadvantageous. Consequently, we hold that plaintiff's suit is not barred by laches.

## 3. *Requirement of Certificate of Authority*

■ By cross-point, plaintiff complains of the action of the trial judge in requiring it to obtain and file a certificate of author-

ity before entry of final judgment. Plaintiff argues that it was not required to obtain such a certificate because it was not engaged in intrastate business. Plaintiff does not complain of the terms of the judgment itself, but only of the earlier order which required it to obtain the certificate. We hold that this matter became moot when plaintiff filed the certificate and the court entered final judgment granting the permanent injunction. If we should sustain the cross-point, we would not be in a position to grant plaintiff any actual relief. Any opinion from us on this point would be purely advisory. Consequently, plaintiff's cross-point is overruled.

Other matters discussed in the briefs and in oral argument were not properly raised in the trial court. Consequently, all of defendant's points of error, as well as plaintiff's cross-point, are overruled.

Affirmed.