**Larry WILLIAMS et ux., Appellants,**

v.

**Don LOFTICE, Individually and d/b/a United Auto Brokers, Appellee.**

**No. 8616.**

Court of Civil Appeals of Texas, Texarkana.

Dec. 19, 1978.

Michael D. Allen, Law Offices of Richard G. Danner, Jr., Dallas, for appellants.

Roger F. Thomson, Smith, Schutze, Sanderson & Boudreaux, Dallas, for appellee.

CORNELIUS, Chief Justice.

Mr. and Mrs. Larry Williams filed this suit against Don Loftice, individually and doing business as United Auto Brokers, and Bill Tisdale pursuant to the Texas Deceptive Trade Practices Act.[1] Tisdale failed to answer and an interlocutory default judgment was entered against him which subsequently became final. The case against Loftice was severed from that against Tisdale and was submitted to the trial court for determination upon an agreed statement of facts. The court awarded judgment in favor of Mr. and Mrs. Williams for their actual damages but refused to triple the award or grant attorney's fees as provided by the Deceptive Trade Practices Act. Mr. and Mrs. Williams appeal from that portion of the judgment which found no violation of the Deceptive Trade Practices Act and which denied relief in the form of treble damages and attorney's fees.

According to the agreed statement of facts, Mr. Williams went to Loftice's place of business in December of 1976 for the purpose of purchasing an automobile. He negotiated with Bill Tisdale, who was Loftice's sales manager. Tisdale had full authority to negotiate the sales of automobiles in general and to negotiate with Williams in particular. He did not have in stock the type automobile Williams wanted, so he agreed to obtain one from a third party and then sell it to Williams for an agreed price.

1. Tex.Bus. & Comm.Code Ann. Sec. 17.41, et seq. (Supp.1978).

Pursuant to the agreement, Williams paid Tisdale a total of $1,900.00 as a deposit on the automobile. A receipt for the deposit was made on the United Auto Brokers receipt form and given to Williams. Tisdale failed to obtain or deliver the automobile as agreed and he also refused to return Williams' deposit. Williams then demanded that Loftice either furnish the automobile as agreed or refund the deposit, but he refused to do either, stating that he was not responsible for Tisdale's actions and that he was not bound by Tisdale's agreement.

The Deceptive Trade Practices Act condemns as a false, misleading or deceptive practice, "misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction" and provides for recovery of three times the actual damages, together with court costs and reasonable attorney's fees incurred by the person adversely affected by such practice. See Tex.Bus. & Comm. Code Sec. 17.46(b)(14) (Supp.1978) and Sec. 17.50(b)(1) (Supp.1978). It is without dispute that Loftice misrepresented the authority of Tisdale to act for him and bind him in the negotiation of the automobile sale with Williams, but the trial court concluded that the misrepresentation did not come within the Deceptive Trade Practices Act because it was made only after Tisdale had wrongfully failed to deliver to Loftice the $1,900.00 he had received from Williams as a deposit. Yet, the trial court found that Tisdale was Loftice's agent and that his acts were imputed to and were binding upon Loftice.

The fact that Tisdale converted and absconded with the $1,900.00 deposit rather than delivering it to Loftice as he should have done, cannot be a defense to Loftice's violation of the Deceptive Trade Practices Act. The fact is that Tisdale did have the authority to negotiate the sale with Williams. When he did so and accepted the cash deposit it was as if Loftice personally had done so. And when Loftice later attempted to repudiate the trade, and withhold Williams' money upon the claim that Tisdale did not have authority to negotiate the sale, a clear violation of Sec. 17.46(b)(14)

occurred. *Crawford Chevrolet, Inc. v. McLarty,* 519 S.W.2d 656 (Tex.Civ.App. Amarillo 1975, no writ).

It was stipulated that Williams' actual damages were $1,900.00 and that reasonable attorney's fees through the Court of Civil Appeals were $4,300.00. The judgment of the trial court is therefore reversed and judgment is here rendered that appellants have and recover from appellee Loftice, individually and doing business as United Auto Brokers, the sum of $5,700.00 damages, together with the sum of $4,300.00 attorney's fees, and all costs of suit.