IFG LEASING COMPANY, Appellant,

v.

Billy J. ELLIS, Appellee.

No. 01–87–00338–CV

Court of Appeals of Texas,
Houston (1st Dist.).

March 31, 1988.

Nancy J. Hesse, Lehman & Associates, Houston, for appellant.

Sally A. Jones, Elliott & Heinlein, Houston, for appellee.

Before LEVY, JACK SMITH and HOYT, JJ.

## OPINION

LEVY, Justice.

Appellant, IFG Leasing Company ("IFG"), brought suit against appellee, Billy J. Ellis, to recover actual and punitive damages under a claim of conversion of a trailer. Ellis answered, pleading a bar of limitations to the suit, and countersued under the Texas Certificate of Title Act and the Deceptive Trade Practices Act (DTPA) to recover the certificate of title for the trailer, and for attorney's fees. After a bench trial, judgment was entered against IFG on its claim, and for Ellis on his claims, ordering IFG to deliver a duly executed certificate of title to Ellis and awarding Ellis $3,500 in attorney's fees, from which judgment IFG brings this appeal.

Initially, IFG had leased a gooseneck grain trailer to Michael Goff. Goff became unable to make his payments under the lease and wrote IFG a letter dated November 17, 1982, informing it that IFG could pick up the trailer by contacting Keith Kocurek at Beko Equipment, Inc. ("Beko"), located at 12303 Murphy Road, Stafford, Texas. Although IFG had never had any prior dealing with Beko, IFG left the trailer in Beko's possession so that Beko could try to sell the trailer for them. Beko retained possession of the trailer until June 4, 1983, when the trailer was purchased by appellee, Billy J. Ellis, for $5,500.

On July 6, 1983, Beko and Kocurek filed a petition in bankruptcy under Chapter 7 of the United States Bankruptcy Code. IFG has never received any payment from Beko for the trailer, nor has IFG ever relinquished the certificate of title for the trailer. While Ellis has expended the sum of $5,500 and has possession of, but no title to, the trailer, IFG has in its possession the certificate of title thereto but has lost possession of the trailer without ever having received any payment for it.

IFG's first three points of error are predicated upon the trial court's finding that Beko was acting as IFG's agent and within its authority when Beko sold the trailer to Ellis on June 4, 1983. These three points of error will be considered together.

IFG asserts that the evidence was legally and factually insufficient to support the trial court's finding that Beko was acting as IFG's agent and was within its authority when it sold the trailer to Ellis. Rather, IFG urges that the evidence conclusively established that Beko was not authorized to transfer title to Ellis until IFG received full payment for the trailer, that Ellis knew of this limitation, and that actually, Beko was acting as Ellis's agent for purposes of making payment to IFG.

IFG further argues that the trial court erred in its conclusions that Ellis had not converted the trailer but instead was its lawful owner, and that Ellis was entitled to possession and ownership of the trailer and to a duly executed certificate of title to the trailer from IFG. IFG claims that the evidence conclusively established that the sale was void under the provisions of Texas Certificate of Title Act, and that IFG, and not Ellis, was the lawful owner of the trailer.

The trial judge, as the trier of fact, may draw reasonable inferences from the evidence, and his findings of fact may not be disregarded on appeal if the record contains some evidence of probative value from which these inferences may be drawn,

or unless the findings are so contrary to the overwhelming weight of the evidence as to be manifestly wrong. *Nicholas v. Crocker,* 687 S.W.2d 365, 367 (Tex.App.—Tyler 1984, writ ref'd n.r.e.); *Central Power and Light Co. v. Bullock,* 696 S.W.2d 30, 33 (Tex.App.—Austin 1984, no writ). The trial court's findings of fact are controlling upon the reviewing court and will not be disturbed as long as they are supported by "some evidence of substantial and probative character." *Central Power and Light,* 696 S.W.2d at 33. This Court follows the well-established rule that when considering factual insufficiency points, findings of specific facts are tested on appeal in the same manner, and have the same force and effect, as jury findings upon special issues.

The Texas Supreme Court has held that, [i]n determining whether the trial court's findings are supported by any evidence of probative value, we [appellate courts] will give credence only to the evidence favorable to the findings and will disregard all evidence to the contrary. The findings of fact and the conclusions of law will be construed together; and if the findings of fact are susceptible of different constructions, they will be construed, if possible, to be in harmony with the judgment and to support it.

*Brown v. Frontier Theaters, Inc.,* 369 S.W.2d 299, 301 (Tex.1963).

Bill Lindsay, a witness called on behalf of IFG, admitted on cross-examination that he had never had any conversation with Beko and that he did not know what IFG had told Beko, or what limitations were imposed, concerning its selling of the trailer for IFG.

The record shows that IFG left the trailer in the possession of Beko for a long period of time. Ellis testified that Beko told him that it was selling the trailer for a leasing company, and that Beko was not the owner of the trailer. Ellis also testified that the leasing company would release the certificate of title upon receiving payment from Beko. A business record of IFG's dated February 16, 1983, was admitted into evidence that stated, "called Beko Equip

... they have equip and are trying to sell." This notation appeared among IFG's records concerning the trailer's lease to Goff and clearly refers to the trailer in question. The record is silent as to any particular details or restrictions pertaining to Beko's efforts to sell the trailer for IFG.

Applying the appropriate standard of review, it is clear that the evidence before the trial court was well in excess of "some evidence of substantial and probative character" required to support its findings of fact and conclusions of law. We conclude that the trial court was justified in finding that Beko was acting as IFG's agent and within its authority when it sold the trailer to Ellis.

Appellant urges that the sale was void because it did not transfer the certificate of title as required by the Certificate of Title Act, Tex.Rev.Civ.Stat.Ann. art. 6687-1, sec. 33 and sec. 53 (Vernon 1977), which state:

[n]o motor vehicle may be disposed of at a subsequent sale unless the owner designated in the certificate of title transfers the certificate of title on a form prescribed by the Department before a Notary Public.... No title to any motor vehicle shall pass or vest until the transfer is so executed.

and

[a]ll sales made in violation of this Act shall be void and no title shall pass until the provisions of this Act have been complied with.

However, it has been held that the sale of a vehicle not in compliance with the Act may be effective only as between the immediate parties. *Pfluger v. Colquitt,* 620 S.W.2d 739, 742 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.).

Because the trial court found that Beko acted as IFG's fully authorized agent in the sale of the trailer to Ellis, Ellis's dealing with Beko was the equivalent of his having dealt with IFG. Thus, the transaction was valid as between those immediate parties, and the trial court correctly determined that Ellis was entitled to possession and ownership of the trailer and to a fully

executed certificate of title, and that no conversion of the trailer by Ellis ever occurred. *See Pfluger,* 620 S.W.2d at 742.

IFG's first, second, and third points of error are overruled.

■ We next consider IFG's fifth point of error, in which it asserts that the trial court erred in finding that Ellis purchased the trailer as a buyer in the ordinary course of Beko's business. IFG contends that the evidence was legally and/or factually insufficient to support such a finding, arguing that Ellis did not qualify as a "buyer" in the ordinary course of business because he had knowledge that Beko did not own the trailer and that a third party did.

Ellis testified that he knew Beko did not own the trailer, but said further that Beko led him to believe that it was IFG's agent and was authorized to sell the trailer. Beko told Ellis that IFG would release the certificate of title upon IFG's receipt of the payment for the trailer collected by Beko. We conclude that the record contained more than "some" evidence that Ellis acted without knowledge that the sale to him was in violation of the ownership rights of IFG, the true owner, and that the trial court was justified in finding that Ellis qualified as a buyer in the ordinary course of business.

Appellant's fifth point of error is overruled.

■ We now turn our attention to IFG's fourth point of error, in which it avers that the evidence was legally and factually insufficient to support the trial court's finding that IFG committed a deceptive act or practice in denying the authority of Beko to sell the trailer. IFG argues that it never represented to Ellis that Beko had authority on behalf of IFG to negotiate the final terms of the sale and that Ellis knew IFG would not release the title until it had received payment for the trailer.

In reviewing the evidence before it, this Court has already ascertained that the trial court was justified in finding that Beko was IFG's agent and was fully authorized to negotiate the final terms of the sale.

The Texas DTPA prohibits false, misleading, or deceptive acts or practices, which include "misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction." Tex.Bus. & Com.Code Ann. sec. 17.46(b)(14) (Vernon 1987).

On July 10, 1985, IFG, by and through its attorneys, sent a letter to Ellis demanding the return of the trailer, and denying Beko's authority to sell the trailer on behalf of IFG. *See Williams v. Loftice,* 576 S.W.2d 455, 456 (Tex.Civ.App.—Texarkana 1978, no writ). A subsequent denial by the principal of an agent's authority to sell a vehicle has been held to be a clear violation of sec. 17.46(b)(14). *Pfluger,* 620 S.W.2d at 743–744; *Williams,* 576 S.W.2d at 456.

We conclude that the trial court did not err in finding IFG in violation of the DTPA.

Appellant's fourth point of error is overruled.

■ In appellant's seventh point of error, it urges that the trial court erred in its conclusion that Ellis was entitled to recover attorney's fees of $3,500 and costs of court under the DTPA, because attorney's fees are not available in a DTPA action unless the party recovers on his claim for actual damages. In the case at bar, Ellis's recovery was a duly executed certificate of title to the trailer from IFG, not an award of any actual money damages.

The Texas Business and Commerce Code provides that "[e]ach consumer who prevails shall be awarded court costs and reasonable and necessary attorney's fees." Tex.Bus. & Com.Code Ann. sec. 17.50(d) (Vernon 1987). The Texas Supreme Court has held that "in construing the language of the DTPA, the more sensible meaning of the word 'prevail' is to prevail in a claim under the Act." *See McKinley v. Drozd,* 685 S.W.2d 7, 9 (Tex.1985). We hold that Ellis was entitled to recover attorney's fees because he recovered a thing of value, the certificate of title, and that constitutes success in his claim under the Act. To "prevail" is not necessarily to recover money damages only. *Cf. Nabours v. Longview Sav. & Loan Assoc.,* 700 S.W.2d 901, 905 (Tex.1985).

Appellant's seventh point of error is overruled.

Last, we shall consider appellant's sixth point of error, in which it asserts that the trial court erred in concluding that IFG's cause of action for conversion accrued on June 4, 1983, the date Ellis purchased the trailer, and was thus barred by the statute of limitations because it was filed more than two years later.

The statute provides that a person "must bring suit for ... conversion of personal property ... not later than two years after the day the cause of action accrues." Tex. Civ.Prac. & Rem.Code sec. 16.003(a) (Vernon 1986).

■ In a suit for conversion, the applicable rule is that when the original possession of the property in question is not wrongful, the statute of limitations does not begin to run until the return of the property has been demanded and refused, or "until the person in possession has unequivocally exercised, over the property, acts of dominion inconsistent with the claims of the owner or the person entitled to possession."
*Taylor v. Walston & Co.*, 502 S.W.2d 613, 615 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.) (cites omitted).

The key issue is whether Beko acted with IFG's authority when it sold the trailer. If Beko's authority was limited merely to locating a buyer and did not extend to the actual sale of the trailer, then IFG's cause of action would have arisen on June 10, 1985, when IFG demanded that Ellis return the trailer.

■ However, when the trial court made its conclusion of law as to the date of accrual of the conversion cause of action, it had heard all the evidence and reasonably concluded that Ellis did not convert the trailer, but instead was its lawful owner. Based on this conclusion, Ellis was both the person in possession and the person who was entitled to possession. IFG's claim, therefore, was barred by the two year statute of limitations because it was filed more than two years after Ellis lawfully purchased the trailer on June 4, 1983.

Appellant's sixth point of error is overruled.

The trial court's judgment is affirmed.