**CIRCLE DOUBLE "C" ENTERPRISES, INC. and the Travelers Indemnity Company, Appellants,**

v.

**WISCO ELECTRIC, INC., Appellee.**

**No. 09–88–043 CV.**

Court of Appeals of Texas, Beaumont.

Dec. 7, 1989.

Bruce M. Partain, Wells, Peyton, Beard, Greenberg, Hunt and Crawford, Beaumont, for appellants.

Brack Jones, Jr., Moore, Landrey, Garth & Jones, Beaumont, for appellee.

## OPINION

WALKER, Chief Justice.

This is an appeal from a judgment awarding Appellee damages and costs for an alleged breach of an oral construction subcontract between Wisco, the subcontractor, and Circle Double "C", the General Contractor. In written findings of fact, the trial court held that Circle Double "C" did not pay Wisco the balance due of $14,309.23 for the services and materials provided to Circle Double "C" by Wisco. Travelers Indemnity Company was the surety on the construction project performance bond. Circle Double "C" and Travelers have duly perfected this appeal.

For clarity, appellant, Circle Double "C" Enterprises, Inc. will be referred to as "Circle Double "C" ". The Travelers Indemnity Company, will be referred to as "Travelers". Appellee, Wisco Electric, Inc. will be referred to as "Wisco".

This is a contract action brought by Wisco based upon the failure of Circle Double "C" and its performance bond surety, Travelers, to pay for electrical subcontract work. Circle Double "C" as the general contractor agreed with the Texas National Guard to construct a 150 person armory in Port Arthur, Texas. The electrical portion of the armory construction is the basis of this litigation.

Circle Double "C" subcontracted the original electrical work to Raby Electric Company, Inc. (a non-party to this suit) for the lump sum contract price of $57,000.00. Raby Electric Company, Inc. began electrical work and billed Circle Double "C" $13,319.00 under the contract which was paid. Raby filed bankruptcy and was unable to continue with the electrical subcontract. J.D. Wistner worked for Raby which was owned by his father. J.D. Wistner had formed his own electrical company, Wisco. According to the testimony of J.D. Wistner at trial, Charles Clark, president of Circle Double "C" came to him [J.D. Wistner] "quite concerned that if Raby was not going to complete the project that he was going to take a Ten Thousand Dollar "hickey" in order to get another contractor to do the electrical work. Mr. Clark knew J.D. Wistner was familiar with the project and wanted Wisco to complete the electrical work in the armory. Charles Clark gave Wisco a handwritten notice to proceed on the electrical project for the sum of $44,681.00, which, according to the testimony and the evidence was a mathematical error on the part of Mr. Clark and should have been $43,681.00. Wisco completed the electrical project and guaranteed its work. Circle Double "C" had no complaints regarding the performance by Wisco and neither the successful completion of the electrical project nor quality of work were issues in this case.

Mr. Clark testified that he personally gave the notice to proceed to Wisco "... so they would finish it for the contract amount" and agrees there was a mathematical error in the notice. Clark testified he gave Wistner the notice to proceed "... so they could go ahead and get started on the project". Clark wanted to get the contract finished for the balance remaining on the Raby subcontract. Wisco clarified the notice to proceed and the remaining contract value of $43,681.00 on its progress billings. Mr. Wistner testified Wisco took over the project for the remaining/unpaid Raby subcontract value.

A change order/extra was billed on the electrical subcontract as reflected in Wisco invoices 83–152, 83–193, and 83–230. The labor portion of this extra charge was approved by the signature of J.E. Baldwin, Circle Double "C" project superintendent, on the time sheets for Wisco invoice 83–152. Wistner testified that, including the $2,812.00 in extra charges, the total price for which Wisco was to have completed the electrical work was $46,493.00. Clark stated that he could not recall whether the "extra" work had actually been performed. He could not say whether Wisco invoices reflecting such extra work was true or untrue.

Adding the approved extra to the original electrical subcontract brings the total

contract value to $59,812.00. Wisco's agreement to finish the electrical work under the terms of the original subcontract would accordingly increase to a value of $46,493.00 ($43,681.00 $2,812.00) upon completion with $13,319.00 being previously paid to Raby. The trial court agreed that Wisco had a lump sum contract agreement with Circle Double "C". Wisco assumed and successfully completed the electrical subcontract. The trial court apparently believed that the contract for the electrical work was not a time and materials agreement.

Wisco suggests this case narrows to the limited question as to whether or not the Wisco agreement is "lump sum" or "hourly". In his testimony, Charles Clark of Circle Double "C" agrees with this analogy. The trial court entered its Findings of Fact and Conclusions of Law, one of such factual findings being that Wisco orally agreed to assume and complete the existing contract entered into between Circle Double "C" and Raby Electric Company, Inc.

In determining whether the trial court's findings are supported by any evidence of probative value, the reviewing Court gives credence only to the evidence favorable to the findings and disregards all evidence to the contrary. The findings of fact and conclusions of law are construed together. Findings of fact that are susceptible of different constructions are construed as being in harmony with the judgment and as supporting the judgment *Brown v. Frontier Theatres, Inc.*, 369 S.W.2d 299, 301 (Tex.1963); *IFG Leasing Co. v. Ellis,* 748 S.W.2d 564, 566 (Tex.App.—Houston [1st Dist.] 1988, no writ).

■ Appellant's points of error 1 and 2 should be addressed together since each amount to an assertion that the trial court should have found as a matter of law that Wisco could not orally assume a written contract that was terminated by Raby thereby leaving no contract for Wisco to assume.

The evidence establishes that Wisco reached an agreement with Circle Double "C" to perform electrical work. Charles Clark contacted Wisco, presented Wisco a written notice to proceed "as agreed", Wisco completed the project and Circle Double "C" was paid in full for the entire project. An "agreement" means the bargain of the parties in fact as found in their language or by implication from other circumstances *TEX.BUS. & COM.CODE ANN.* sec. 1.201(3) (Vernon 1968). As found by the court the agreement (contract) was to assume and complete the work originally begun by Raby. Whether or not the Circle Double "C"/Raby contract existed or was surrendered at the time of the Wisco agreement, is immaterial. The Circle Double "C" notice to proceed and Wisco's successful performance (which was undisputed) controls. Appellants maintain in their brief that an assignment of the Raby contract by Raby to Wisco was essential for Wisco to properly assume that contract. No evidence was presented utilizing the term assignment nor did appellants plead any matters relating to assignment and argues same for the first time on appeal. The evidence reflected "assume and complete". An assignment would necessarily involve Raby and Circle Double "C". The evidence shows an agreement was reached between Wisco and Circle Double "C". Raby was not a party. The trial court found this to be an agreement/contract (between Wisco and Circle Double "C") to perform the work required under an existing or pre-existing contract (between Raby and Circle Double "C"). Accordingly, it is not an assignment. Accordingly, this Court finds there is evidence to support the court's finding *Skinny's, Inc. v. Hicks Brothers Construction of Abilene, Inc.,* 602 S.W.2d 85 (Tex.Civ.App.—Eastland 1980, no writ).

Furthermore, appellant's contention of no evidence to support the trial court's findings, while in effect urges that the trial court should have held as a matter of law that the contract between Raby and Circle Double "C" was incapable of assumption since it was previously terminated and never assigned by Raby to Wisco, is without merit.

The trial court heard, reviewed and considered all the evidence and was apparently

convinced that the agreement between Circle Double "C" and Wisco was a "new deal" not requiring assignment or formal assumption. There was probative evidence to support the trial court's finding. Appellant's points of error numbers one and two are overruled.

Appellant's point of error number 3 states that the trial court erred in finding a balance due of $14,309.23 on the Wisco and Circle Double "C" contract because the evidence conclusively establishes that said amount included $5,841.94 as retainage when no funds belonging to Wisco had been retained by Circle Double "C".

The evidence shows Wisco began electrical work for a lump sum amount of $43,-681.00, which was based upon an original $57,000.00 electrical subcontract value between Circle Double "C" and Raby. The Wisco contract value was $43,681.00 which was the then unpaid portion of the Raby contract. Due to an approved extra, valued at $2,812.00, the Wisco revised contract value due upon completion would be $46,-493.00. The trial court found that Circle Double "C" made payments to Wisco in the amount of $32,187.00. Therefore, the balance due on the contract was $14,306.00. "Retainage" is simply not an issue, because the trial court found that the contract called for Wisco to complete the electrical work and for Circle Double "C" to pay Wisco $46,493.00, including $2,812.00 in agreed price modifications. An apparent mathematical error caused the judgment to find $3.23 more than the actual balance owed on the contract. Therefore, appellant's third point of error is sustained only to the extent that the judgment awards $3.23 as damages which were not supported by the evidence.

Regarding point of error number 4, Wisco indeed presented no evidence as to whether or not the balance due on its agreement was reasonable and necessary because no evidence was necessary under appellee's theory of recovery. The authorities cited by appellant are account actions under *TEX.R.CIV.P.* 185 and are not applicable to this case. Appellant's fourth point of error is overruled.

As stated, point of error number 5 attacks the factual sufficiency of the evidence to support the trial court's finding that any balance was owed by appellee on the contract. In reviewing this point, we have considered all the evidence in the record that is relevant to the fact being challenged. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). The evidence in this case clearly supports the trial court's finding that a balance was due and owing Wisco by Circle Double "C". Appellant's fifth point of error is overruled.

Appellant's final point of error attacks the trial court's conclusion of law that both Circle Double "C" and Travelers are jointly and severally liable to Wisco for $14,309.23 plus prejudgment interest.

In stating conclusions of law, the trial court is not required to set out in minute legal detail each and every theory or reason for having reached such legal conclusion. If that were the requirement, much confusion would arise in drawing the line between the real conclusion of law and the theory, reason, legal basis and argument relied on to support such conclusion. *Matthews v. Matthews*, 725 S.W.2d 275, 279–280 (Tex.Civ.App.—Houston [1st Dist.] 1986, writ. ref'd n.r.e.); *Jamison Cold Storage Door Co. v. Brown*, 218 S.W.2d 883 (Tex.Civ.App.—Fort Worth 1949, ref. n.r.e.).

The evidence clearly reflects a balance due from Circle Double "C" of $14,306.00. Travelers was surety on Circle Double "C" 's performance bond issued on the construction project; accordingly the appellants were jointly and severally liable to Wisco for the balance due under the electrical subcontract.

The judgment of the trial court should be affirmed as modified by this opinion.

AFFIRMED AS MODIFIED.