**Donald D. GOSCH, Appellant,**

v.

**B & D SHRIMP, INC., Appellee.**

**No. 01–91–00169–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 9, 1992.

Rehearing Denied May 14, 1992.

Williams Portis, Jr., Gasper Argilagos, Houston, for appellant.

Maurice Amidei, Houston, for appellee.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

## OPINION ON SECOND MOTION FOR REHEARING

O'CONNOR, Justice.

Following a bench trial, Donald D. Gosch, the appellant, was found vicariously liable to the appellee, B & D Shrimp, Inc. (Shrimp, Inc.), on the grounds of partnership by estoppel for fraud committed by his co-defendant, Jesse Allan Bach, during the purchase of a shrimp boat. We affirm.

On the appellant's second motion for rehearing, we deny the motion, withdraw our opinion issued on January 16, 1992, and issue this corrected opinion in its stead.

## 1. Fact summary

Shrimp, Inc., a Delaware corporation, brought suit for recision of a sales contract involving a commercial shrimp boat on the grounds of fraud and conspiracy to defraud. Bill McDonald, Shrimp, Inc.'s president, and Bach entered into a sales contract where Bach would take marketable title to the shrimp boat after paying Shrimp, Inc. $5,000 down and 15 percent of the cash proceeds generated from the daily shrimp catches for the next calendar year, and transferring a cabin cruiser. McDonald, as a sign of good faith, delivered a bill of sale to Bach that was signed but not notarized. McDonald testified their understanding was that actual title would not be executed until all conditions of the sale were met.

Bach then mortgaged the boat for a $6,000 loan from Gosch, without authority of Shrimp, Inc., and in violation of the sales contract. When Bach failed to repay the loan, Gosch foreclosed and took possession of the boat. Shrimp, Inc. filed this suit against Gosch to collect on the guaranty.

## 2. Certificate of authority

In point of error one, Gosch contends the trial court abused its discretion in denying his motion to set aside the judgment on the grounds that Shrimp, Inc. had no certificate of authority to do business in Texas. The Texas Business Corporation Act prohibits a foreign corporation from maintaining any action in this State until it has obtained a certificate of authority to do business. TEX.BUS.CORP.ACT ANN. art. 8.18(A) (Vernon 1980).

■ In response to the point of error, Shrimp, Inc. first argues that it was not necessary for it to obtain a certificate. A corporation is not considered to be transacting business in Texas if it conducts an isolated transaction that is completed within 30 days and the transaction is not in the course of a number of repeated transactions that are similar. TEX.BUS.CORP.ACT ANN. art. 8.01(B)(10) (Vernon Supp.1992). Shrimp, Inc. contends that it fell within this exception to the statute requiring a certificate of authority. We disagree. Here, it is implicit in the agreement that the transaction could not be completed within 30 days. The transfer of title would not occur until, in addition to two other conditions, 15 percent of the cash proceeds generated from the daily shrimp catches for the *next calendar year* were paid.

■ Shrimp, Inc. also contends it was within the trial's court discretion to disregard such plea. We agree. Shrimp, Inc. relies on *Troyan v. Snelling & Snelling, Inc.*, 524 S.W.2d 432, 434 (Tex.Civ.App.— Dallas 1975, no writ), where the court concluded the trial judge had discretion to proceed with trial without proof of plaintiff's capacity to sue because of defendant's delay in raising the question. *Id.* Here, Gosch did not raise the issue of Shrimp, Inc.'s authority until 20 days after the judgment was signed, in a motion to set aside judgment. By waiting until after the trial, Gosch waived the issue of Shrimp, Inc.'s capacity to prosecute the suit. Even if Gosch had not waived the issue, at the hearing on the motion to set aside the judgment Shrimp, Inc. filed a certificate of authority. The trial court did not abuse its discretion in overruling the motion to set aside the judgment.

On the authority of *Troyan*, we overrule Gosch's point of error one.

## 3. Partnership by estoppel

In points of error two and three, Gosch argues the evidence is legally and factually insufficient to support the finding of fact that Shrimp, Inc. relied on his failure to deny the representation of partnership.

■ In an appeal from a bench trial, findings of fact have the same weight as a jury's verdict upon special issues. *IFG Leasing v. Ellis*, 748 S.W.2d 564, 566 (Tex. App.—Houston [1st Dist.] 1988, no writ). Findings of fact are not conclusive, however, when a complete statement of facts appears in the record. *Pontiac v. Elliot*, 775 S.W.2d 395, 399 (Tex.App.—Houston [1st Dist.] 1989, writ ref'd). Findings of fact are binding on this Court only if supported by evidence of probative force. *Id.*

■ The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them. *IFG Leasing*, 748 S.W.2d at 566. The standard we use to review findings of fact is the same we use to review the jury's findings. *MCZ, Inc. v. Smith*, 707 S.W.2d 672, 678 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Although a trial court's conclusions of law may not be challenged for factual insufficiency, the trial court's conclusions drawn from the facts may be reviewed to determine their correctness. *Mercer v. Bludworth*, 715 S.W.2d 693, 697 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

■ In reviewing legal insufficiency points of error, we consider only the evidence and inferences that when viewed in their most favorable light, tend to support the finding, and disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex. 1988). If there is more than a scintilla of evidence to support the finding, we must overrule the legal insufficiency points of error. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987).[1]

■ In reviewing factual insufficiency points, once we examine all of the evidence relating to a finding, we can only set aside the finding if it is so against the great weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. *Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex.1986); *Glockzin v. Rhea*, 760 S.W.2d 665, 666 (Tex.App.— Houston [1st Dist.] 1988, writ denied). We cannot substitute our opinion for that of the trier of fact to determine if we would reach a different conclusion. *Glockzin*, 760 S.W.2d at 666.

■ In reviewing the legal insufficiency challenge first, we will look at only the evidence that supports the finding of fact. McDonald testified as follows:

Q. And who introduced you to Mr. Gosch here?

A. Jesse Allan Bach.

Q. How was he introduced to you?

A. Jesse Allan Bach, he and I talked to each other out by the Papa boat one evening during the day. Mr. Gosch came up in a pickup truck. Bach says, "Here is my partner. Come over. I would like to introduce you to him." He went over and introduced me to Mr. Gosch at the time and introduced me to Mr. Gosch and told me that, "This is Don, Mr. Don Gosch. This is Mr. Bill McDonald. This is the man that's going to be giving me the money that's going in partners with me on this Shrimp boat."

McDonald testified that Gosch never denied the partnership and that he was present when the exchange was initially negotiated. McDonald also testified that Gosch was present with Bach when it was explained that the title would not pass until all conditions of the agreement were met. In addition, McDonald testified that although he knew Bach was not an experienced shrimper, Bach told him his partner, Gosch, had experience.

Another witness for Shrimp, Inc., Doug Sanders, testified that Bach introduced Gosch as his partner. Sanders also stated that Gosch never denied the partnership.

We find this evidence is more than a scintilla and we overrule the legal insufficiency point.

In addition to the evidence considered under the legal insufficiency challenge, we now review all the other evidence in consideration of Gosch's factual insufficiency challenge. Gosch testified that he was not present during the negotiations for the purchase of the shrimp boat. Gosch also stated he was not a partner of Bach, nor was he introduced as one.

We find that the trial court's finding is not so against the great weight and preponderance of the evidence that it is clearly wrong and unjust.

1. A "scintilla" of evidence does no more than create a mere surmise or suspicion of its existence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983).

We overrule Gosch's points of error two and three, and affirm the judgment.