

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 22, 2006

The Honorable Jim Pitts
Chair, Committee on Appropriations
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0496

Re: Education Code section 11.168 and its effect on an independent school district's authority to build or pay for infrastructure for new schools within the district (RQ-0503-GA)

Dear Representative Pitts:

You ask about Education Code section 11.168[1] and its effect on an independent school district's authority to build or pay for infrastructure for new schools within the district.[2]

You inform us that in October 2005 voters in the Ennis Independent School District (the "District") approved a bond package authorizing the District to construct a new junior high school and 11th- and 12th-grade center. Request Letter, *supra* note 2, at 1. You also inform us that the voters approved the proposition with the understanding that a portion of the bond money would be used for infrastructure improvements to land not owned or leased by the District that will provide sufficient water, sewer, and roadway upgrades to serve the new school development. *See id.* The District is apparently concerned, however, that using bond money for this purpose will violate Education Code section 11.168.

Section 11.168 of the Education Code provides that

> [t]he board of trustees of a school district may not enter into an agreement authorizing the use of school district employees, property, or resources for the provision of materials or labor for the

---

[1]There are two sections 11.168 in the Education Code. In your request, you quote from section 11.168 that was added by House Bill 1826 during the Seventy-ninth Legislature's regular session. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 979, § 1, 2005 Tex. Gen. Laws 3286, 3286. Thus, in this opinion, our reference to Education Code section 11.168 is to this one.

[2]Letter from Honorable Jim Pitts, Chair, House Committee on Appropriations, to Honorable Greg Abbott, Attorney General of Texas (June 21, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

> design, construction, or renovation of improvements to real property
> not owned or leased by the district.

TEX. EDUC. CODE ANN. § 11.168 (Vernon 2006). This provision was adopted during the Seventy-ninth Legislature's regular session;[3] it has not been construed by a court or this office.

Given the language in section 11.168, you first ask whether section 11.168 prohibits a school district from paying impact fees imposed by a municipality to help fund water, sewer, and roadways necessary to serve new school development, when those improvements will not be made on land owned or leased by the district. *See* Request Letter, *supra* note 2, at 1. Chapter 395 of the Local Government Code authorizes political subdivisions, including municipalities, to impose impact fees against new development "in order to generate revenue for funding or recouping the costs of capital improvements or facility expansions necessitated by and attributable to the new development." TEX. LOC. GOV'T CODE ANN. § 395.001(4) (Vernon 2005); *see generally id.* §§ 395.001–.082. And the infrastructure improvements for which an impact fee may be assessed against a school district for new school development—we are told—do not usually occur on district property but rather "along city . . . or state highway rights-of-way."[4] Thus, you ask us to construe Education Code section 11.168 relative to Local Government Code chapter 395.

In construing a statute, we must give effect to the legislature's intent. *See* TEX. GOV'T CODE ANN. §§ 311.021, .023 (Vernon 2005); *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex. 1999). To do so, we must first attempt to construe statutes according to their plain language, reading the language according to the rules of grammar and common usage, unless it has acquired a technical meaning. *See* TEX. GOV'T CODE ANN. § 311.011 (Vernon 2005); *In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001).

On its face, and as relevant here, section 11.168 prohibits a school district from entering into *an agreement* authorizing the use of school district resources and employees to improve real property not owned or leased by the district. TEX. EDUC. CODE ANN. § 11.168 (Vernon 2006). Thus, for the prohibition to apply to a school district's use of its resources, there must be, minimally, an agreement controlling that use. There is no indication in section 11.168 that "agreement" has acquired a technical meaning. Therefore, we look to its common meaning. The term "agreement" has various meanings, however, and depending on its context, Texas courts use the term narrowly to refer to formal contracts or more broadly as evidence of consent between parties. *See, e.g., Circle Double "C" Enters., Inc. v. Wisco Elec., Inc.*, 782 S.W.2d 299, 301 (Tex. App.—Beaumont 1989, no writ) (defining agreement as "the bargain of the parties in fact as found in their language or by implication from other circumstances"); *McCorkel v. Dist. Trs. of Robinson Springs Sch. Dist. No. 76*, 121 S.W.2d 1048, 1052 (Tex. Civ. App.—Eastland 1938, no writ) (finding "agreement" to be a synonym for consent but may not necessarily be a contract). But in its broadest sense it means "harmony or

---

[3]Act of May 27, 2005, 79th Leg., R.S., ch. 979 § 1, 2005 Tex. Gen. Laws 3286, 3286.

[4]*See* Brief from Lydia L. Perry, Law Offices of Robert E. Luna, P.C., to Honorable Greg Abbott, Attorney General of Texas, at 2 (Aug. 4, 2006) (on file with the Opinion Committee).

accordance in opinion or feeling." THE NEW OXFORD AMERICAN DICTIONARY 32 (2001). Therefore, for section 11.168 to prohibit an independent school district from paying an impact fee—again, minimally—an impact fee has to evidence harmony or accordance in opinion or feeling.

Turning to Local Government Code chapter 395, which authorizes impact fees, we note that an impact fee is "a charge or assessment *imposed* by a political subdivision." TEX. LOC. GOV'T CODE ANN. § 395.001(4) (Vernon 2005) (emphasis added). Indeed, the provisions detailing how a political subdivision may assess an impact fee use the term "impose." *See, e.g., id.* §§ 395.011(a) ("Unless otherwise specifically authorized by state law or this chapter, a . . . political subdivision may not enact or impose an impact fee."), 395.012(a) ("An impact fee may be imposed . . . ."). Again, we find nothing that indicates "impose" has acquired a technical meaning, so we look to its common meaning. In this respect, a Texas court has reviewed the common-usage definition of "impose" and relied upon, among others, the Oxford English Dictionary's definition, which defines the term to mean "to lay on, as something to be borne, endured, or submitted to; to inflict (something) on or upon; to levy or enforce authoritatively or arbitrarily." *City of Houston v. Richard,* 21 S.W.3d 586, 589 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (quoting VII OXFORD ENGLISH DICTIONARY 731 n.4 (2d ed. 1989)). Ultimately, the court found that "[i]n all of the definitions, 'impose' is associated with the act of placing a penalty or charge upon a person." *Id.* In short, to impose something—in this case, an impact fee—is a unilateral action that does not involve harmony or accordance in feeling or opinion. An impact fee, consequently, is not paid as a result of an agreement. Thus, in answer to your first question, Education Code section 11.168 does not prohibit an independent school district from paying impact fees imposed by a municipal corporation on the district for the district's new school development.

You also ask whether an independent school district "can lease right-of-way for needed water, sewer and roadway improvements which later, after construction, would be dedicated back to the public for maintenance purposes and public use and the lease be terminated." Request Letter, *supra* note 2, at 1. Because you ask this question in the context of Education Code section 11.168, we understand you to be asking whether section 11.168 prohibits an independent school district from leasing rights-of-way on which the district will make infrastructure improvements that will serve the district's new school development.

By its plain language, section 11.168 places limits on an independent school district's use of its resources for the provision of materials or labor under certain circumstances. *See* TEX. EDUC. CODE ANN. § 11.168 (Vernon 2006). This provision is not relevant to an independent school district's authority to acquire land and improve it.[5] Moreover, the provision expressly contemplates a district's leasing land. *See id.* ("to real property not owned or *leased*") (emphasis added). In answer to your second question, then, section 11.168 does not prohibit a school district from leasing right-of-way in order to make needed water, sewer, and roadway improvements on such property.

---

[5]An independent school district has authority to lease land and make improvements to it, even where the improvements will remain with the land upon the lease's termination. *See* Tex. Att'y Gen. Op. No. GA-0321 (2005).

## S U M M A R Y

Education Code section 11.168 does not prohibit an independent school district from paying impact fees imposed by a municipal corporation on the district for the district's new school development.

Education Code section 11.168 does not prohibit an independent school district from leasing land and improving it.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee