### NCNB TEXAS NATIONAL BANK, Appellant,

v.

### Mark D. ANDERSON, Appellee.

### No. 04–90–00718–CV.

Court of Appeals of Texas,
San Antonio.

July 10, 1991.

Paul T. Curl, Pape, Murray, McClenahan & Sparr, Inc., San Antonio, for appellant.

Thomas M. Thurmond, Norman L. Paul, Jr., Thurmond & Thurman, San Antonio, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

## ON APPELLANT'S MOTION
## FOR REHEARING

CHAPA, Justice.

The motion for rehearing is denied, the opinion of this court delivered May 29, 1991 is withdrawn, and this opinion is substituted in its place.

This suit involves the collection of one of several identical promissory notes executed by appellee, Mark D. Anderson, a resident of California. After service, appellee filed a plea to the jurisdiction, which the trial judge sustained. A severance was granted, and this appeal was perfected.

In a single point of error, appellant asserts that the trial court erred in sustaining appellee's plea to the jurisdiction.

Without citing any authority, appellant initially contends that, because the 1990 amendment to TEX.R.CIV.P. 120a "makes a hearing on a plea to the jurisdiction similar to a hearing on a motion for summary judgment", the summary judgment standard of review should be applied to this appeal. We disagree.

Unlike a summary judgment, amended rule 120a(3) of the TEX.R.CIV.P. provides that "[t]he court shall determine the special appearance on the basis of the pleadings, any stipulations made by and between the parties, such affidavits and attachments as may be filed by the parties, the results of discovery processes, and any oral testimony."

Further, in reviewing summary judgment evidence, it is well established that sworn pleadings and denials to requests for admissions are not summary judgment evidence in Texas. *Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143 (Tex.1980). As such, a motion for summary judgment is a pleading and may not be considered as summary judgment evidence, *Kendall v. Whataburger, Inc.*, 759 S.W.2d 751, 754 (Tex.App.—Houston [1st Dist.] 1988, no writ), nor is a response to summary judgment competent summary judgment evidence. *Rhodes v. Interfirst Bank Fort Worth, N.A.*, 719 S.W.2d 263, 264 (Tex. App.—Fort Worth 1986, no writ). However, affidavits, depositions, interrogatories, and admissions are proper summary judgment evidence when referred to or incorporated in the motion for summary judgment, *Stewart v. U.S. Leasing Corp.*, 702 S.W.2d 288, 290 (Tex.App.—Houston [1st Dist.] 1985, no writ), citing *First Fed. Sav. & Loan Ass'n of San Antonio v. Bustamante*, 609 S.W.2d 845, 849 (Tex.Civ. App.—San Antonio 1980, no writ), but the trial court may not receive extrinsic evidence, either oral or documentary, at the hearing on the motion for summary judgment. *State v. Easley*, 404 S.W.2d 296, 297 (Tex.1966); *Citizens State Bank of Dickinson v. Shapiro*, 575 S.W.2d 375, 383 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.).

Another glaring difference between a summary judgment and a plea to the jurisdiction is that a summary judgment is a final judgment which disposes of all issues and causes of action specifically addressed in the motion; this is not true of a plea to the jurisdiction, which merely determines where the movant should be tried. Consequently, other than the fact that affidavits and stipulations may be considered in both summary judgment hearings and hearings on pleas to the jurisdiction, there is no real similarity between the two. Therefore, in the absence of authority, we fail to see any valid reason for applying summary judgment standards of review to appeals involving pleas to the jurisdiction.

Without advancing any argument or citing authority in its brief, or in any way "sufficiently direct[ing] the court's attention to the nature of the complaint made regarding each ... finding or legal conclusion", as required by TEX.R.APP.P. 74(d), appellant, in an unorthodox footnote pleads, as an alternative point of error, that should this court refuse to apply a summary judgment standard of review to this appeal, that we "construe this point of error as complaining that there is no evidence of Findings of Fact Nos. 4, 5, 6, and 7 and/or that these findings are against the great weight and preponderance of the evidence, and that Conclusions of Law Nos. 1–4 are erroneous." Although in clear violation of TEX.R.APP.P. 74, we will address the complaint to the extent that we understand it.

■ The challenged findings of fact are:

....

4. Any contacts the Defendant [appellee] had with the State of Texas were minimal.

5. All contacts that resulted in Defendant's purchase of a limited partnership interest in 201 Main Ltd. were the result of solicitations and negotiations all of which occurred in the state of California. In that regard, the Managing General Partner of 201 Main Limited had numerous and systematic contacts in California with the Defendant by mail and telephone and such contacts resulted in the

Defendant's investment in the subject partnership and his execution of the demand promissory note in question.

6. The contacts made by the Managing General Partner with Defendant in the state of California reasonably led such Defendant to believe that any enforcement of an alleged debt obligation, executed by him, would be brought in his home state of California.

7. The Defendant never purposefully engaged in business in the State of Texas with the intent of invoking the rights and privileges afforded to residents of that state.

Generally, in considering a "no evidence" or legal sufficiency point, we consider only the evidence favorable to the decision of the trier of fact and disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio,* 752 S.W.2d 518, 522 (Tex.1988); *Garza v. Alviar,* 395 S.W.2d 821, 824 (Tex.1965).

In considering a factual sufficiency point, we may not substitute our judgment for that of the jury, but must assess all the evidence and reverse for a new trial only if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust, shock the conscience, or clearly demonstrate bias. *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986); *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986) (great weight and preponderance); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951). "In considering an 'insufficient evidence' point, we must remain cognizant of the fact that it is for the jury, the trier of fact, to judge the credibility of the witnesses, to assign the weight to be given their testimony, and to resolve any conflicts or inconsistencies in the testimony." *Texas Employers' Ins. Ass'n v. Jackson,* 719 S.W.2d 245, 249–50 (Tex.App.—El Paso 1986, writ ref'd n.r.e.), citing *Commonwealth Lloyd's Ins. Co. v. Thomas,* 678 S.W.2d 278, 289 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.).

"Unless the trial court's findings are challenged by a point of error on appeal, they are binding upon the appellate court." *Wade v. Anderson,* 602 S.W.2d 347, 349

(Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.), citing *Zelios v. City of Dallas*, 568 S.W.2d 173, 175 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.). "The trial judge, as the trier of the fact, may draw reasonable inferences from the evidence, and his findings of fact may not be disregarded on appeal if the record contains some evidence of probative value from which these inferences may be drawn, or unless the findings are so contrary to the overwhelming weight of the evidence as to be manifestly wrong." *IFG Leasing Co. v. Ellis*, 748 S.W.2d 564, 565–566 (Tex.App.—Houston [1st Dist.] 1988, no writ), citing *Nicholas v. Crocker*, 687 S.W.2d 365, 367 (Tex.App.—Tyler 1984, writ ref'd n.r.e.). "When findings of fact are filed and are unchallenged, ... they occupy the same position and are entitled to the same weight as the verdict of a jury." *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex.1986). "Thus, unless there is no evidence to support the finding or unless the finding is so contrary to the great weight and preponderance of the evidence as to be clearly wrong, the appellate court may not set it aside." *Valencia v. Garza*, 765 S.W.2d 893, 896 (Tex.App.—San Antonio 1989, no writ), citing *Corporate Personnel Consultants v. Wynn Oil Co.*, 543 S.W.2d 746, 748 (Tex.Civ.App.—Texarkana 1976, no writ).

The Texas Supreme Court has also held that:

> In determining whether the trial court's findings are supported by any evidence of probative value, we will give credence only to the evidence favorable to the findings and will disregard all evidence to the contrary. The findings of fact and the conclusions of law will be construed together; and if the findings of fact are susceptible of different constructions, they will be construed, if possible, to be in harmony with the judgment and to support it.

*Brown v. Frontier Theatres, Inc.*, 369 S.W.2d 299, 301 (Tex.1963).

Appellant clearly fails to challenge the court's findings of fact nos. 1–3, and 8–17, which are, therefore, binding upon this court. *Wade*, 602 S.W.2d at 349. Thus,

this court is bound by the trial court's findings that the special appearance was timely made to the entire proceeding; that appellee is not a resident of Texas and is not required to maintain, nor does he maintain, a registered agent for service in Texas; that appellee does not maintain a place of business in Texas, and has no employees, servants, or agents within the state; that all documents executed by appellee relating to the transaction in question were delivered to appellee by the partnership through the mail, were executed by the appellee in Los Angeles, California, and were mailed to the partnership's place of business in Houston, Texas; that as a limited partner in 201 Main Ltd., the appellee has never been involved in the day to day operations of the partnership; that the appellee was neither consulted about, nor consented to, the pledge of the purported note to InterFirst Bank Houston, N.A. or in the subsequent sale or assignment of the note to NCNB Texas National Bank, First Republic Bank, or the FDIC; that appellee does not own any real property in the State of Texas, nor does he own any tangible property located in the State of Texas; that appellee does not own an interest in any business that has a principal place, or any place of business, located in the State of Texas, or that does business in Texas, other than his interest in securities, which are publicly traded, with companies which may do business in Texas, and his general intangible interest as a limited partner in limited partnerships known as Mid City Limited, Art Center Building, the new Bexar County Jail, and 201 Main Ltd.; that all of his dealings with these partnerships have been through the mail, by telephone, or from his home in Los Angeles, California; that at no time has the appellee traveled to Texas for any reason relating to his investment in 201 Main Ltd. or with respect to the additionally listed partnership investments previously identified; that all of the appellee's contacts with Texas have been undertaken for his former employers, S & S Medical Systems, Inc. and Pharmacia Ophthalmics Inc., for reasons completely unrelated to his investment in 201 Main Ltd.; that if appellee is required to appear on this mat-

ter in Bexar County, Texas, appellee will incur substantial expenses for travel, lodging, and meals while away from home, for the delivery of documents and other papers to his attorneys through the mails, and for the loss of time from work for the purpose of traveling; that the time for travel and the need to be present in Texas for discovery, hearings and trial, would jeopardize appellee's business in California; and, that appellant, which is a national banking association, has a national presence, including Los Angeles County, California, and could, therefore, prosecute its claim in California at minimal expense.

Further, in his special appearance to present his motion to the jurisdiction pleadings, which can be considered by the court under TEX.R.CIV.P. 120a, appellee alleges that he is not a resident of Texas, and does not have a registered agent for service in Texas; that he does not maintain a place of business and does not have employees, servants, or agents in Texas; that his contacts with Texas were minimal, and that all contacts as to the transaction in question resulted from solicitations and negotiations which occurred in California; that he was led to believe that any enforcement of the notes, which are the subject of this suit, would be brought in California; and, that any exercise of jurisdiction over him by Texas offends the traditional notions of fair play and substantial justice, and deprives him of due process.

Other evidence in the record reflects that after being solicited in California by the appellant, appellee signed a subscription agreement and power of attorney at his home in California, in order to become a limited partner and investor in 201 Main Limited, a Texas limited partnership; that the purpose of the partnership was to own, hold, develop, maintain, operate, lease, and otherwise invest in real property in Houston, Texas; that in connection with appellee's investment, appellee was required to and did remit to the partnership $10,000.00 cash, along with five signed promissory notes, bearing successive due dates; that all of the contacts of 201 Main Ltd. with appellee were by phone or mail in California; that appellee has no family, real es-

tate, or tangible assets located in Texas; that appellee never traveled to Texas in connection with this transaction, was never involved in the day-to-day operations of 201 Main Ltd., and was never consulted about, or consented to, the assigning of his note to anyone; that appellant was lead to believe that because of the numerous and systematic contacts with him by the general partners of 201 Main Limited in California, he would be subject to the jurisdiction of California and not Texas; that appellant never envisioned that the general partners of 201 Main Limited would wrongfully sell or assign his note without authority and in violation of the terms of the partnership agreement and, that in the process, appellee would lose his right to receive the protection of the California courts; that as a result, he never anticipated he would be called into a Texas court in connection with this investment; and, that forcing the appellee to defend himself in Texas will result in a severe financial hardship to him and could jeopardize his business in California, whereas forcing appellant to try its case in California would have little effect upon the appellant, which is a national banking association.

Applying the appropriate standards of review, and construing the findings, when possible, in harmony with and in support of the judgment, we hold that there is sufficient evidence to support the challenged findings and the challenged findings are not so against the great weight and preponderance of the evidence as to be manifestly unjust. We further hold that the controlling findings of fact support a correct legal theory in harmony with the judgment. *Pool,* 715 S.W.2d at 635; *Garza,* 395 S.W.2d at 824; *Brown,* 369 S.W.2d at 301.

█ Appellant insists that specific jurisdiction was established, which requires reversal of the trial court's judgment.

The Texas Supreme Court designed its formula for specific jurisdiction as follows:

(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state;

**446**

(2) The cause of action must arise from, or be connected with, such act or transaction; and

(3) The assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

*Schlobohm v. Schapiro,* 784 S.W.2d 355, 358 (Tex.1990), citing *O'Brien v. Lanpar Co.,* 399 S.W.2d 340, 342 (Tex.1966).

Although the unchallenged findings appear to support appellant's contention that the first two prongs of *Schlobohm* were established (TEX.CIV.PRAC. & REM. CODE ANN. § 7.042(1)), the same findings support the court's judgment based on the legal theory that the assumption of jurisdiction by Texas "offends traditional notions of fair play and substantial justice," which is grounded on the third *Schlobohm* prong. The complaint is rejected.

Without any elaboration, appellant further merely complains "that Conclusions of Law Nos. 1–4 are erroneous."

"A trial court's findings of fact are reviewable for legal and factual sufficiency of evidence to support them and conclusions of law are reviewable when attacked as a matter of law, but not on grounds of sufficiency of evidence to support them, as if they were findings of fact." *Mercer v. Bludworth,* 715 S.W.2d 693, 697 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), citing *First Nat'l Bank in Dallas v. Kinabrew,* 589 S.W.2d 137, 146 (Tex.Civ. App.—Tyler 1979, writ ref'd n.r.e.). Nevertheless, "[t]he principal usefulness of conclusions of law is to denote to the appellate court the theory on which the action was tried" and "[i]f the controlling finding of facts will support a correct legal theory, incorrect legal conclusions will not require a reversal." *Valencia,* 765 S.W.2d at 897–898, citing *Benavides v. Warren,* 674 S.W.2d 353, 362 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.).

Therefore, even if we completely ignore appellant's unorthodox alternative point of error, which does not in any way comply with the requirements of TEX.R.APP.P. 74(d), read into appellant's unorthodox conclusions of law complaint a proper "as a matter of law" grounds and, agree, which we do not, that all the conclusions of law are incorrect, no reversal is appropriate. Since we have concluded that the controlling findings of fact, which are the critical issues to the judgment, support a correct legal theory in harmony with the judgment, any "incorrect legal conclusions will not require a reversal." *Valencia,* 765 S.W.2d at 898. The alternative point of error is rejected.

The judgment is affirmed.