**HOTEL PARTNERS, Americana Ocho Rios Corporation, and Americana Eden 11 Corporation, Appellants,**

v.

**KPMG PEAT MARWICK, Chartered Accountants, Appellee.**

No. 05–92–00376–CV.

Court of Appeals of Texas, Dallas.

Jan. 25, 1993.

---

## OPINION

BAKER, Justice.

Hotel Partners, Americana Ocho Rios Corporation, and Americana Eden II Corporation filed suit in Texas against KPMG Peat Marwick, Jamaica (KPMG Jamaica), for accounting malpractice.[1] KPMG Jamaica filed a special appearance. The trial court sustained KPMG Jamaica's objection to in personam jurisdiction. The trial court dismissed KPMG Jamaica from the suit. We affirm the trial court's judgment.

## BACKGROUND

Americana Ocho Rios Corporation and Americana Eden II Corporation formed Hotel Partners to lease the Eden II luxury resort from the Jamaican government. Hotel Partners' management operated out of its Fort Worth office. The lease required Hotel Partners to use local Jamaican accountants. Hotel Partners contacted the accounting firm of Peat, Marwick, Main & Co. (Peat Marwick), a New York general partnership, to perform the necessary tax and audit work. Peat Marwick maintains an office in Fort Worth. Hotel Partners actually retained the services of KPMG Jamaica, a Jamaican branch of Peat Marwick, to do the accounting work. The work began in early 1987 and continued until the summer of 1989. The Fort Worth office of Peat Marwick supervised the work of KPMG Jamaica.

Hotel Partners became dissatisfied with the accounting work of KPMG Jamaica. Hotel Partners brought suit against KPMG Jamaica. KPMG Jamaica filed a special appearance asserting lack of personal jurisdiction. The trial court sustained KPMG Jamaica's objection to jurisdiction and dismissed Hotel Partners' claim against it.

Hotel Partners contends the trial court erred in granting KPMG Jamaica's special appearance and in denying Hotel Partners' Motion to Compel Production of Documents. Hotel Partners challenges the trial

Roger B. Greenberg, Jeanne Sommerfeld, Greenberg, Peden, Siegmyer, Oshman & Soussan, P.C., Houston, for appellants.

Robb L. Voyles, Samara L. Kline, Dallas, for appellee.

Before BAKER, KINKEADE, and BURNETT, JJ.

1. Appellants asserted claims against Peat Marwick and KPMG Jamaica for breach of contract, breach of express and implied warranties, negligent misrepresentation, negligence, and violation of the Texas Deceptive Trade Practices Act.

court's findings of fact and conclusions of law.

## SPECIAL APPEARANCE—STANDARD OF REVIEW

First, we determine the standard of review we apply to review a trial court's sustaining of a special appearance. In 1990, the Texas Supreme Court amended rule 120a of the Texas Rules of Civil Procedure. Under the current rule, a party may present live testimony, affidavits, or both. *See* TEX.R.CIV.P. 120a.

### 1. Appellants' Contentions

Hotel Partners contends that due to the change in Rule 120a, a *de novo* review is proper in appeals from special appearances in which the parties offered no oral testimony. Hotel Partners contends a special appearance hearing based only on documentary evidence is like a summary judgment. Hotel Partners concludes when the movant takes this "affidavit option," the reviewing court should apply a *de novo* review and review the entire record.

### 2. Appellee's Contention

KPMG Jamaica contends that the option to present affidavit evidence under rule 120a does not require the appellate court to conduct a *de novo* review. KPMG Jamaica argues that Hotel Partners' summary judgment theory is without merit. KPMG Jamaica argues that Hotel Partners' analogy ignores that either party may present live testimony and documentary evidence at a special appearance hearing. KPMG Jamaica concludes that the standard of review is an evidentiary one based on the trial court's findings of fact and conclusions of law.

### 3. The Correct Standard of Review

■ This Court has held that it has the duty to review all of the evidence before the trial court on the question of jurisdiction. *Koch Graphics v. Avantech, Inc.,* 803 S.W.2d 432, 435 (Tex.App.—Dallas 1991, no writ). The correct standard of review of the evidence is a factual sufficiency review, not a *de novo* review. *See* *NCNB Tex. Nat'l Bank v. Anderson,* 812 S.W.2d 441, 443–44 (Tex.App.—San Antonio 1991, no writ).

■ Appellants requested and the trial judge made findings of fact and conclusions of law. The trial court's findings of fact are binding upon the appellate court unless challenged on appeal. *Wade v. Anderson,* 602 S.W.2d 347, 349 (Tex.App.—Beaumont 1980, writ ref'd n.r.e.), citing *Zelios v. City of Dallas,* 568 S.W.2d 173, 175 (Tex.App.—Dallas 1978, writ ref'd n.r.e.). As the trier of fact, the trial judge may draw reasonable inferences from the evidence. We may not disregard his findings of fact on appeal if the record contains some evidence of probative value from which these inferences may be drawn, or unless the findings are so contrary to the overwhelming weight of the evidence as to be manifestly wrong. *Valencia v. Garza,* 765 S.W.2d 893, 896 (Tex.App.—San Antonio 1989, no writ); *IFG Leasing Co. v. Ellis,* 748 S.W.2d 564, 565–66 (Tex.App.—Houston [1st Dist.] 1988, no writ). Although a party may not challenge a trial court's conclusions of law for factual sufficiency, we may review the conclusions the trial court draws from the facts to determine their correctness. *Mercer v. Bludworth,* 715 S.W.2d 693, 697 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

## BASES FOR JURISDICTION

■ There are two types of personal jurisdiction: specific and general. *See* *Schlobohm v. Schapiro,* 784 S.W.2d 355, 358 (Tex.1990). Specific jurisdiction arises when a defendant commits some act in Texas that brings about the cause of action asserted against him. *Schlobohm,* 784 S.W.2d at 358. General jurisdiction arises when a defendant's contacts with Texas are continuing and systematic. A court can exercise jurisdiction over a defendant even if the cause of action does not arise from a specific contact as long as the defendant's contacts with Texas are continuing and systematic. *Schlobohm,* 784 S.W.2d at 358.

■ Personal jurisdiction consists of two elements: (1) the defendant must be amenable to the jurisdiction of the court; and (2) if the defendant is amenable to the jurisdiction of the court, the plaintiff must validly invoke that jurisdiction by valid service of process on the defendant. *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex.1985) (citing E. Wayne Thode, *In Personam Jurisdiction; Article 2031b, The Texas "Long Arm" Jurisdiction Statute; And the Special Appearance to Challenge Jurisdiction in Texas and Elsewhere*, 42 Tex.L.Rev. 279, 322 (1964)).

A defendant can be "amenable" to the jurisdiction of the court under either specific or general jurisdiction. *See Guardian Royal Exch. v. English China*, 815 S.W.2d 223, 227–28 (Tex.1991); *Schlobohm*, 784 S.W.2d at 358. The Texas Supreme Court followed Thode's article in finding "not amenable to process issued by the courts of this state" to mean that the Texas court cannot, under federal and state constitutions and the appropriate state statutes, validly obtain jurisdiction over the person or the property of the defendant with regard to the cause of action pleaded. Tex. R.Civ.P. 120a; *Kawasaki*, 699 S.W.2d at 202, citing Thode at 312–13.

### EXERCISE OF JURISDICTION BY A TEXAS COURT

■ Before a Texas court may exercise jurisdiction over a nonresident defendant, two conditions must exist. First, the Texas long arm statute must authorize the exercise of jurisdiction. Second, the exercise of jurisdiction must be consistent with federal and state constitutional guarantees of due process. *See* Tex.Civ.Prac. & Rem.Code

Ann. §§ 17.041–069 (Vernon 1986); *Schlobohm*, 784 S.W.2d at 356.

Our long arm statute authorizes the exercise of jurisdiction over those who do business in Texas. Tex.Civ.Prac. & Rem. Code Ann. § 17.042 (Vernon 1986). The Texas long arm statute lists actions that constitute "doing business" in Texas. Tex. Civ.Prac. & Rem.Code Ann. § 17.042 (Vernon 1986). The nonresident who takes such action will be amenable to service of process on the secretary of state. Tex.Civ. Prac. & Rem.Code Ann. § 17.044 (Vernon 1986). The statute also provides that other acts of the nonresident may place him within the statutory doing business requirement. Tex.Civ.Prac. & Rem.Code Ann. § 17.042 (Vernon 1986); *Schlobohm*, 784 S.W.2d at 357.

Under the federal constitutional test of due process, the requirements are a two-part question: (1) whether the nonresident defendant has purposely established "minimum contacts" with the forum state; and (2) if so, whether the exercise of jurisdiction comports with "fair play and substantial justice." *See International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Guardian Royal Exch.*, 815 S.W.2d at 226.[2]

■ Hotel Partners, the plaintiffs, had the initial burden of pleading sufficient allegations to bring KPMG Jamaica within the provisions of the long arm statute. Tex.Civ.Prac. & Rem.Code Ann. § 17.042 (Vernon 1986); *McKanna v. Edgar*, 388 S.W.2d 927, 930 (Tex.1965); *Electronic Data Sys. Corp. v. Hanson*, 792 S.W.2d 506, 507 (Tex.App.—Dallas 1990, no writ); *Read v. Cary*, 615 S.W.2d 296, 298 (Tex. Civ.App.—Dallas 1981, writ ref'd n.r.e.).

---

**2.** The Texas jurisdictional formula for federal due process provides:

(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state;

(2) The cause of action must arise from, or be connected with, such act or transaction. Even if the cause of action does not arise from a specific contact, jurisdiction may be exercised if the defendant's contacts with Texas are continuing and systematic.

(3) The assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basis equities of the situation.

*O'Brien v. Lanpar Co.*, 399 S.W.2d 340, 342 (Tex. 1966), modified in *Schlobohm*, 784 S.W.2d at 358; *see also Guardian Royal Exch.*, 815 S.W.2d at 223, 230–31.

However, failure by a plaintiff to make jurisdiction allegations is not subject to attack by the specially appearing defendant. *See Kawasaki Steel Corp.*, 699 S.W.2d at 202. KPMG Jamaica, the nonresident defendant, then had the burden to negate all bases of personal jurisdiction at the special appearance hearing. *Zac Smith & Co. v. Otis Elevator Co.*, 734 S.W.2d 662, 664 (Tex.1987), *cert. denied*, 484 U.S. 1063, 108 S.Ct. 1022, 98 L.Ed.2d 986 (1988); *Kawasaki Steel Corp.*, 699 S.W.2d at 203; *Siskind v. Villa Found. for Educ., Inc.*, 642 S.W.2d 434, 438 (Tex.1982). Without jurisdictional allegations by the plaintiff that the defendant has committed any act in Texas, the defendant can meet its burden of negating all potential bases of jurisdiction by presenting evidence that it is a nonresident. *See Siskind*, 642 S.W.2d at 438; *see also, Steve Tyrell Prods., Inc. v. Ray*, 674 S.W.2d 430, 436 (Tex.App.—Austin 1984, no writ).

## APPLICATION OF THE LAW TO THE FACTS

■ Hotel Partners' pleadings contained no allegations that KPMG Jamaica committed any acts in Texas. The petition acknowledged that KPMG Jamaica was a foreign partnership and a resident of Jamaica. Hotel Partners alleged it could serve KPMG Jamaica only under rule 108a providing for service of process in foreign countries. *See* Tex.R.Civ.P. 108a. The petition further admitted that KPMG Jamaica audited the operation of the hotel in Jamaica that was leased by the Jamaican government. The petition also admitted that KPMG Jamaica performed substantially all the field work associated with the audits in Jamaica.

At the special appearance hearing, KPMG Jamaica presented the affidavit of its senior partner. The senior partner swore that KPMG Jamaica was a Jamaican general partnership of chartered accountants with its offices and its principal place of business in Jamaica. None of its partners, accountants, or staff were residents or citizens of Texas. KPMG Jamaica did not have a certificate of authority to do business in Texas. It did not maintain a place of business or an agent for service of process in Texas. It had not done business in Texas, solicited business in Texas, or owned any property in Texas.

In this case, KPMG Jamaica showed it did not commit any tort, in whole or in part, in Texas. KPMG Jamaica never negotiated or signed any contracts in Texas. KPMG Jamaica never entered into any contracts with any Texas citizen to perform services in Texas.

KPMG Jamaica audited the hotel's financial statements in Jamaica. KPMG Jamaica did not perform any of the auditing services in Texas. KPMG Jamaica prepared and delivered all invoices for services rendered and expenses incurred to Hotel Partners in Jamaica. Hotel Partners kept the hotel's books and records in Jamaica. KPMG Jamaica's personnel were never present in Texas in connection with the audits.

KPMG Jamaica and Peat Marwick are separate legal entities. Peat Marwick did not perform any of the audits on which Hotel Partners bases its claims. Any visit by a Peat Marwick employee to Jamaica was merely an effort by Peat Marwick to monitor the work on behalf of its clients. Any correspondence about the audit work between Peat Marwick and KPMG Jamaica was merely updating Peat Marwick on the progress of the audit and confirming information about Hotel Partners' interests.

## CONCLUSION

Hotel Partners' petition acknowledged that KPMG Jamaica was a foreign partnership and a resident of Jamaica. KPMG Jamaica presented evidence that it was a nonresident. The trial court made findings that KPMG Jamaica is a resident of Jamaica and has never been a resident of Texas. Hotel Partners did not challenge these findings. This Court is bound by these findings absent a challenge on appeal. *See Wade*, 602 S.W.2d at 349.

We hold that because Hotel Partners did not allege any jurisdictional facts, KPMG Jamaica's evidence was enough to sustain its burden to negate all bases of personal

jurisdiction. *See Siskind*, 642 S.W.2d at 438; *see also, Steve Tyrell Prods., Inc.*, 674 S.W.2d at 436. We overrule appellants' first point of error.

Because of our disposition of the special appearance, we need not discuss Hotel Partners' points of error two through sixteen.

We affirm the trial court's judgment granting the special appearance.