**Abdulrahman A. AL–TURKI et al, Appellants,**

v.

**Abdul Hadi TAHER, Appellee.**

No. 11–95–253–CV.

Court of Appeals of Texas, Eastland.

Nov. 13, 1997.

Rehearing Overruled Feb. 5, 1998.

man A. Al–Turki and the other Saudi Arabian plaintiffs [1] sued Taher in Harris County, claiming that they were defrauded in the 1984 stock offering of a foreign corporation and asserting that the trial court had both general and specific jurisdiction over Taher. However, the trial court granted Taher's special appearance and dismissed the suit for want of jurisdiction. We affirm.

■ In their third point of error, appellants contend that there was no evidence to support various findings of fact made by the trial court and that the trial court violated appellants' right to trial by jury when it entered findings of fact in favor of Taher based upon controverted evidence. We disagree. The existence of in personam jurisdiction is a question of law; however, in order to determine whether such jurisdiction is proper, the trial court must first resolve underlying factual disputes. *Conner v. ContiCarriers and Terminals, Inc.*, 944 S.W.2d 405, 411 (Tex.App.—Houston [14th Dist.] 1997, no writ); *Hotel Partners v. KPMG Peat Marwick*, 847 S.W.2d 630, 632 (Tex. App.—Dallas 1993, writ den'd). In doing so, the trial court may draw reasonable inferences from the evidence. *Hotel Partners v. KPMG Peat Marwick*, supra.

■ In order to determine challenges to the trial court's findings of fact concerning jurisdiction, we must apply the ordinary sufficiency of the evidence standards of review. *Conner v. ContiCarriers and Terminals, Inc.*, supra; *Nikolai v. Strate*, 922 S.W.2d 229, 236 (Tex.App.—Fort Worth 1996, writ den'd); *Hotel Partners v. KPMG Peat Marwick*, supra; *NCNB Texas National Bank v. Anderson*, 812 S.W.2d 441 (Tex.App.—San Antonio 1991, no writ). When a finding of fact is challenged upon the basis that there is no evidence to support it, the finding will not be disregarded on appeal if the record contains some evidence of probative force to support such a finding. When a finding of fact is challenged on the basis of factual insufficiency, the finding will not be disre-

Craig B. Glidden, Timothy J. Hill, Keith A. Rowley, Glidden Partners, Houston, for Appellants.

Charles R. Gregg, Robin Rankin Willis, Hutcheson & Grundy, Houston, Edwin B. Mishkin, Mark P. Friedman, Cleary Gottlieb Steen & Hamilton, New York City, for Appellee.

Before ARNOT, C.J., and WRIGHT, J., and McCLOUD, Senior Judge*

WRIGHT, Justice.

The issue in this case is whether the trial court properly declined to assert in personam jurisdiction over Abdul Hadi Taher, a resident and citizen of Saudi Arabia. Abdulrah-

---

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. The other plaintiffs were Abdulaziz Alfadda, Abdullah Abbar, Ahmed Zainy, Yusif Bin Ahmed Kanoo, Abdulla Kanoo, Abdulaziz Kanoo, Abdulrahman Sharbatly, and Saad Alissa.

garded on appeal unless it is so contrary to the overwhelming weight of the evidence as to be manifestly wrong. *Conner v. Conti-Carriers and Terminals, Inc., supra; Hotel Partners v. KPMG Peat Marwick, supra.* We must review the challenged conclusions of law to determine their correctness.[2] *Nikolai v. Strate, supra; Hotel Partners v. KPMG Peat Marwick, supra.*

█ After reviewing the record, we hold that, with one exception, there is some evidence to support the challenged findings and that the findings are not so contrary to the overwhelming weight of the evidence as to be manifestly wrong. The one exception is Finding of Fact No. 29, where the trial court found that none of Al–Turki's payments for his shares of stock in Sadi European Investment Corporation N.V. (SEIC) "were made in the United States." The record establishes that Al–Turki's payments were remitted to Saudi European Bank for the account of SEIC in care of a bank in New York. However, to the extent that this finding is erroneous, it does not constitute reversible error. TEX. R. APP. P. 44.1. The evidence showing that the payments were sent to a bank in New York is not material to the issue of whether Texas could assert personal jurisdiction. The third point of error is overruled.

█ In their other three points of error, appellants assert that the trial court erred in concluding that Taher negated all bases of jurisdiction and that Taher was not subject to specific or general jurisdiction. A court may exercise jurisdiction over a nonresident if such jurisdiction is authorized by the Texas long-arm statute and is consistent with the guarantees of due process. *Schlobohm v. Schapiro,* 784 S.W.2d 355, 356 (Tex.1990). The Texas long-arm statute expressly authorizes the exercise of jurisdiction over a nonresident "doing business" in Texas. TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 (Vernon 1997); *Schlobohm v. Schapiro, supra.* Due process considerations are: (1) whether the nonresident has purposefully established "minimum contacts" with the forum

state and, if so, (2) whether the exercise of jurisdiction comports with fair play and substantial justice. *Burger King Corporation v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Guardian Royal Exchange Assurance, Ltd. v. English China Clays, P.L.C.,* 815 S.W.2d 223, 226 (Tex. 1991); *Potkovick v. Regional Ventures, Inc.,* 904 S.W.2d 846 (Tex.App.—Eastland 1995, no writ).

█ Minimum contacts are established when the nonresident defendant purposefully avails himself of the privilege of conducting activities within the forum state and, thus, invokes the benefits and protections of the forum state's laws. *National Industrial Sand Association v. Gibson,* 897 S.W.2d 769 (Tex.1995); *Guardian Royal Exchange Assurance, Ltd. v. English China Clays, P.L.C., supra.* Jurisdiction over a nonresident defendant may not be based solely upon random, fortuitous, or attenuated contacts with the forum or upon the unilateral activity of another party or a third person; the nonresident must take some action or engage in some conduct creating a "substantial connection" with the forum. *Guardian Royal Exchange Assurance, Ltd. v. English China Clays, P.L.C., supra.*

█ The minimum contacts analysis incorporates both specific and general jurisdiction. When specific jurisdiction is asserted, the cause of action must arise out of or relate to the nonresident defendant's purposeful contact with the forum state. When general jurisdiction is asserted, the nonresident defendant must have continuous and systematic contacts with the forum state; however, the cause of action need not relate to those contacts. *National Industrial Sand Association v. Gibson, supra* at 772; *Guardian Royal Exchange Assurance, Ltd. v. English China Clays, P.L.C., supra* at 227–228. In order for a trial court to sustain a defendant's special appearance, the defendant must have negated all bases of jurisdiction. *National Industrial Sand Association v. Gibson, supra.*

---

**2.** We note that appellants contend that several of the findings of fact are actually conclusions of law. The conclusions that are labeled as findings will be treated as conclusions. See *Nikolai v. Strate, supra* at n. 1.

In the first two points of error, appellants contend that the trial court erred in denying their "motion for directed verdict," in concluding that Taher negated all bases of jurisdiction, and in concluding that Taher was not subject to specific jurisdiction in Texas. Under these points, appellants assert that Taher was subject to specific jurisdiction because he had agents who acted in Texas in furtherance of the fraud and whose actions should be imputed to Taher. Appellants allege that SEIC, a Netherlands Antilles corporation whose principal asset was a bank in Paris, France; Jamal Radwan, SEIC's chairman; and Ronald F. Reilly, a former resident of Texas who was hired by SEIC in 1983 to work in Europe, were Taher's agents in the fraudulent offering of stock in SEIC.

Based upon the evidence presented, the trial court made the following findings with respect to specific jurisdiction. Reilly and his family moved from Texas to Paris after he and his corporation were hired by SEIC. Reilly, in consultation with Radwan, drafted the allegedly fraudulent private placement memorandum regarding the offer of additional shares of stock in SEIC. Most of Reilly's work on the memorandum was done in Paris, but parts of the memorandum were drafted while Reilly was visiting Texas for personal reasons.

Upon completion of the memorandum, SEIC sent copies to the plaintiffs in Saudi Arabia. The plaintiffs subsequently purchased stock in SEIC. The only contact that any of the plaintiffs had with Texas was in June 1984 when Al–Turki traveled to Texas for reasons unrelated to the SEIC offering. Al–Turki stayed in Houston in a hotel for two weeks. From Houston, Al–Turki communicated with Reilly and Radwan in Paris and confirmed the details of his stock purchase and payment terms. Reilly and Radwan also sent telexes to Al–Turki in Houston.

Taher and another Saudi Arabian investor together owned 25 percent of the stock in SEIC prior to the 1984 stock offering. Taher had no dealings with Reilly until after the memorandum had been prepared, when the two met briefly at SEIC's office in Paris. Taher did not know Al–Turki and had nothing to do with the communications between SEIC and Al–Turki. Taher did not personally engage in or direct others to engage in any activity directed toward the state of Texas. Taher did not know and did not have any reason to foresee that SEIC, Reilly, or Radwan would communicate with Al–Turki in Texas or that Reilly would perform any work on the memorandum in Texas.

Based upon these findings, the trial court concluded that Taher did not have sufficient minimum contacts with Texas with respect to this case and that the contacts of Reilly, Radwan, and Al–Turki with Texas could not be imputed to Taher and were not sufficient to provide a basis for specific jurisdiction over Taher. We agree with these conclusions and hold that the trial court did not err in denying appellants' "motion for directed verdict" or in determining that Taher was not subject to specific jurisdiction in Texas. See *Antonio v. Marino*, 910 S.W.2d 624 (Tex. App.—Houston [14th Dist.] 1995, no writ). Furthermore, Taher's evidence negated the assertion that SEIC, Radwan, and Reilly were Taher's agents, although the term "agent" was not expressly mentioned. It is clear that the trial court considered the agency allegation when making its findings of fact and concluding that the others' actions could not be imputed to Taher. The first and second points of error are overruled.

In their fourth point, appellants argue that the trial court erred in concluding that Taher was not subject to general jurisdiction in Texas. With regard to general jurisdiction, the evidence and findings of fact reflect that Taher was among a group of investors who acquired GOTCO, N.V., a Netherlands Antilles corporation, from Gulf Oil Corp. in November of 1984. GOTCO had offices worldwide, but its principal place of business was in Houston, Texas. Taher was never a member of the board of directors, an officer, or an employee of GOTCO. Taher sold his interest in GOTCO in early 1989, more than four years before plaintiffs filed this suit, and has had no connection with GOTCO since that time. The trial court thus concluded that Taher's activities with respect to his investment in GOTCO did not constitute continuous and systematic contacts with Texas.

Generally, a court may not assert general jurisdiction over an individual based on that individual's association with a corporation unless the corporation is the alter ego of the individual. *Vosko v. Chase Manhattan Bank, N.A.*, 909 S.W.2d 95, 99 (Tex.App.—Houston [14th Dist.] 1995, writ den'd). Appellants assert that the undisputed facts establish that Taher controlled GOTCO "via his rubber-stamp board and puppet directors" and that the trial court erred in refusing to "give any weight to the facts establishing [Taher's] disregard of the corporate fiction." We disagree. Although the facts establish that Taher was a shareholder in GOTCO and that Taher and the other shareholders participated on a shareholder committee, the facts do not establish that GOTCO was Taher's alter ego. We hold that Taher's relationship with GOTCO from 1984 to 1989 does not amount to the type of continuous and systematic contact with Texas that is required for general jurisdiction. *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); *Vosko v. Chase Manhattan Bank, N.A.*, supra; see and compare *Schlobohm v. Schapiro, supra.* Appellants' fourth point of error is overruled.

The judgment of the trial court is affirmed.