Martin SILVA, et al., Appellants,

v.

**YSLETA DEL SUR PUEBLO and the Tribal Council of Ysleta Del Sur Pueblo, Appellees.**

No. 08–99–00013–CV.

Court of Appeals of Texas, El Paso.

Aug. 17, 2000.

Thomas S. Hughes, Thomas W. Brady, El Paso, for Appellant.

Ronald L. Jackson, Tom Diamond, Diamond, Rash, Gordon & Jackson, P.C., El Paso, for Appellee.

Before Panel No. 4 BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from an order dismissing Appellants' cause of action for injunctive relief. The trial court granted Appellees' special appearance in which it asserted tribal sovereign immunity. For reasons set forth below, we affirm.

## I. SUMMARY OF THE EVIDENCE

The facts in this case are not in dispute. On December 4, 1998, fifty-six individuals, ("Silva"), filed suit against Ysleta Del Sur Pueblo and the Tribal Council of Ysleta Del Sur Pueblo, ("the Pueblo"), in response to acts taken by the Pueblo to revoke their rights to enter the reservation. In their original petition, Silva sought a temporary injunction and a temporary restraining order because, according to Silva, the denial of access has unjustly hindered their ability to occupy housing, maintain businesses, and occupy various tribal roles. On December 4, 1998, the trial court granted a temporary restraining order and set a hearing date regarding Silvas' petition for injunctive relief.

On December 9, 1998, the Pueblo filed a special appearance asserting tribal sovereign immunity. On December 11, 1998, Silva filed their first amended original petition for injunctive relief which added nine individual Tribal Council members as defendants in the suit. On December 14, 1998, the individual defendants filed a special appearance in which they argued that because they were being sued in their capacity as members of the Tribal Council, the same tribal immunity laws that the Pueblo raised in its special appearance protect them as well. On December 14, 1998, the trial court dismissed all of Silvas' claims based on tribal sovereign immunity. In its findings of facts and conclusions of

law, the trial court determined that Ysleta Del Sur Pueblo is a federally recognized Indian Tribe; the Tribal Council of Ysleta Del Sur Pueblo is the governing body of Ysleta Del Sur Pueblo; and that the individual defendants are members of the Tribal Council of Ysleta Del Sur Pueblo. The trial court then determined that because the defendants have not consented to the suit, they enjoy sovereign immunity. Silva Appeals.

## II. DISCUSSION

In their single point of error, Appellants argue that the trial court erred because Appellees are not immune from the suit for injunctive relief. We begin with a brief discussion of the appropriate standard of review.

### Standard of Review

"An appellate court must review all of the evidence before the trial court on the question of jurisdiction raised in a special appearance." *Linton v. Airbus Industrie*, 934 S.W.2d 754, 757 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (citing *Vosko v. Chase Manhattan Bank, N.A.*, 909 S.W.2d 95, 99 (Tex. App.—Houston [14th Dist.] 1995, writ denied); and *Hotel Partners v. KPMG Peat Marwick*, 847 S.W.2d 630, 632 (Tex.App.—Dallas 1993, writ denied)). When the trial court enters findings of fact and conclusions of law, they are binding unless challenged on appeal. *See id.* at 757. When an Appellant only challenges the trial court's conclusions of law, "[w]e may review the conclusions the trial court draws from or applies to the facts found to determine their correctness." *Id.* at 757 (citing *Hotel Partners*, 847 S.W.2d at 632).

### Analysis

Appellant argues that the enactment of 25 U.S.C.A. 1300g–4 (f) (2000) essentially resulted in a complete surrender of Ysleta Del Sur Pueblo's tribal immunity. That section provides: "The State shall exercise civil and criminal juris-

diction within the boundaries of the reservation as if such State had assumed such jurisdiction with the consent of the tribe under Sections 1321 and 1322 of this state." 25 U.S.C.A. § 1300g–4 (f) (2000). Appellant contends that "If the court places any importance to 25 U.S.Code 1300g et seq. it is clear that the part of quid pro quo of the Ysleta Del Sur Pueblo's being recognized by the United States government was the surrender of immunity." We disagree.

In *Holguin v. Ysleta Del Sur Pueblo*, 954 S.W.2d 843, 847 (Tex.App.—El Paso 1997, writ denied), this Court explained the effect of Section 1300g. There, we pointed out that the Tribe consented in 25 U.S.C.A. § 1300g–4 (f) (2000) to the civil and criminal jurisdiction of the State of Texas according to the terms of Public Law 280, codified as 25 U.S.C.A. §§ 1321 and 1322. The grant of civil jurisdiction found in Public Law 280 is found in 25 U.S.C.A. § 1322(a):

The consent of the United States is hereby given to any State not having jurisdiction over civil causes of action between Indians or to which Indians are parties which arise in the areas of Indian country situated within such State to assume, with the consent of the tribe occupying the particular Indian country or part thereof which would be affected by such assumption, such measure of jurisdiction over any and all such civil causes of action arising within such Indian country or any part thereof as may be determined by such State that has jurisdiction over other civil causes of action; and those civil laws of such State that are of general application to private persons or private property shall have the same force and effect within such Indian country or part thereof as they have elsewhere within that State.

This Court further noted that the United States Supreme Court has held that Public Law 280 and its amendments, entitled the Indian civil Rights Act of 1968, do not constitute a waiver of tribal immu-

nity. *Three Affiliated Tribes of the Fort Berthold Reservation v. Wold Engineering,* 476 U.S. 877, 892, 106 S.Ct. 2305, 2314, 90 L.Ed.2d 881, 894–95 (1986). Public Law 280 was intended to create civil and criminal jurisdiction for the resolution of private disputes between individual Indians or between Indians and non-Indians, not to create jurisdiction over the tribes themselves. *Bryan v. Itasca County, Minnesota,* 426 U.S. 373, 383–84, 96 S.Ct. 2102, 2108–09, 48 L.Ed.2d 710, 718 (1976). Suits brought against Indian tribes pursuant to the terms of Public Law 280 are barred by tribal immunity absent a legislative pronouncement to the contrary. *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 59, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106, 115–16.

Thus, Section 1300g–4 (f) merely authorizes the State of Texas to exercise the type of jurisdiction described in Section 1321 and 1322. As stated above, the jurisdiction authorized by these sections is derived from Public Law 280 which, according to the Supreme Court, does not mandate the surrender of tribal immunity. If, in passing Section 1300g–4 (f), Congress intended the total surrender of tribal immunity, it would not have limited Texas' jurisdiction to the type of jurisdiction Texas may obtain with the consent of the tribe under Section 1321 and 1322.

Because Section 1300g–4 (f) does not obliterate Appellees' tribal immunity, we overrule Appellants' single point of error, and we affirm the judgment of the trial court.

LARSEN, J., not participating.