**RUSHMORE INVESTMENT
ADVISORS, INC.,**
Appellant

v.

**Melody FREY, Appellee.**

No. 05–07–00025–CV.

Court of Appeals of Texas,
Dallas.

Aug. 13, 2007.

Abby L. Ewing, David, Goodman, Madole, PC, Dallas, Roger M. Yale, Denton, for Rushmore Investment Advisors, Inc.

William Todd Albin, Albin Harrison Roach, Plano, for Melody Frey.

Before Justices WHITTINGTON, BRIDGES, and LANG–MIERS.

## OPINION

Opinion By Justice WHITTINGTON.

Rushmore Investment Advisors, Inc., appeals the trial court's order granting Melody Frey's special appearance and dismissing Rushmore's claims against Frey. In six issues, Rushmore complains the trial judge erred in granting Frey's special appearance because the facts support both general and specific jurisdiction, the trial court's assertion of jurisdiction over Frey would not offend traditional notions of fair play and substantial justice, and Frey failed to meet her burden of negating all basis of personal jurisdiction. Because we conclude the trial court did not have personal jurisdiction over Frey, we affirm the trial court's order.

### Background

Rushmore is a corporation with its principal place of business in Plano, Texas. On January 4, 2005, Rushmore extended an offer of employment to Frey in her home state of Pennsylvania. After she was hired, Rushmore required Frey to attend orientation at its home office in Texas from January 18, 2005 to January 25, 2005. When Frey arrived in Texas, the parties entered into an employment agreement which did not contain a venue provision. Frey remained an employee of Rushmore for almost twenty-three months

until she was terminated on December 8, 2006. Thereafter, Rushmore sued Frey for misappropriation of trade secrets, breach of contract, and unfair competition. Frey filed a special appearance, alleging Rushmore's claims did not arise from or relate to any activity she conducted in Texas and that she did not have the minimum contacts with Texas required for a Texas court to exercise jurisdiction over her. Specifically, Frey claimed she had never been a resident of Texas, always worked out of her home in Pennsylvania, never had an office at Rushmore's location in Texas, never received commissions related to business generated in Texas, had not competed or worked for one of Rushmore's competitors since her employment was terminated, and was not served with notice of this lawsuit in Texas.

Rushmore did not dispute these facts but filed a verified response to the special appearance alleging Frey's contacts with Texas were sufficient to establish both specific and general jurisdiction. Rushmore offered evidence that Frey used business cards distributed by Rushmore indicating Rushmore's Texas address, submitted documents to federal agencies indicating a Texas work address, visited Rushmore's office in Texas on numerous occasions, maintained contact with twenty-three clients who are located in Texas, and signed an employment agreement providing Texas law would govern any disputes between the parties.

After a hearing, the trial judge concluded Frey lacked sufficient minimum contacts with Texas and granted her special appearance. This appeal ensued.

### Standard of Review

 Whether a trial court has personal jurisdiction over a defendant is a question of law. *BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 794 (Tex.

App. 2002). In reviewing a trial judge's ruling on a special appearance, we examine all the evidence in the record to determine if the nonresident defendant negated all possible grounds for personal jurisdiction. *Wolf v. Summers–Wood, L.P.,* 214 S.W.3d 783, 787 (Tex.App.-Dallas 2007, no pet.); *Bergenholtz v. Cannata,* 200 S.W.3d 287, 292 (Tex.App.-Dallas 2006, no pet.).

 If a trial judge enters an order granting a special appearance and issues findings of fact and conclusions of law, the appellant may challenge the fact findings on legal and factual sufficiency grounds. *BMC Software Belgium,* 83 S.W.3d at 794. We give those fact findings great deference and may set aside a finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust. *See Hoffmann v. Dandurand,* 180 S.W.3d 340, 345 (Tex.App.-Dallas 2005, no pet.). Here, Rushmore does not challenge the trial judge's fact findings, and we treat unchallenged fact findings as true. *Hotel Partners v. KPMG Peat Marwick,* 847 S.W.2d 630, 632 (Tex.App.-Dallas 1993, writ denied). We review the trial judge's legal conclusions de novo. *BMC Software Belgium,* 83 S.W.3d at 794; *Hoffmann,* 180 S.W.3d at 345.

### Personal Jurisdiction

 A Texas court may exercise personal jurisdiction over a defendant only if the defendant has minimum contacts with the state and the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice. *See BMC Software Belgium,* 83 S.W.3d at 795 (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). To establish minimum contacts, the defendant must have purposefully availed itself of the privilege of conducting activities inside Texas and enjoyed the benefits and protections of Texas laws. *Bergenholtz,* 200

S.W.3d at 292. The defendant's activities must justify a conclusion the defendant could reasonably anticipate being called into a Texas court. *Bergenholtz,* 200 S.W.3d at 292.

Personal jurisdiction exists if the nonresident defendant's minimum contacts give rise to either general or specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 413–14, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *BMC Software,* 83 S.W.3d at 795. If the defendant's contacts with the forum state are continuous and systematic, the defendant is subject to general jurisdiction regardless of whether the defendant's alleged liability arises from those contacts. *Moki Mac River Expeditions v. Drugg,* 221 S.W.3d 569, 575 (Tex.2007); *BMC Software,* 83 S.W.3d at 796. Under general jurisdiction standards, the cause of action need not arise from or relate to the activities conducted within the forum state by the nonresident defendant, but the minimum contacts analysis becomes more demanding; the contacts must be substantial. *See BMC Software,* 83 S.W.3d at 797 (citing *CSR Ltd. v. Link,* 925 S.W.2d 591, 595 (Tex.1996) (orig. proceeding) (general jurisdiction requires showing that defendant conducted substantial activities within forum, more demanding minimum contacts analysis than for specific jurisdiction)).

In contrast, specific jurisdiction is established if the nonresident defendant's alleged liability arises from or is related to activity conducted within the forum. *Moki Mac River Expeditions,* 221 S.W.3d at 576; *BMC Software,* 83 S.W.3d at 796. The minimum contacts analysis for specific jurisdiction focuses on the relationship among the defendant, the forum, and the litigation. *Helicopteros,* 466 U.S. at 414, 104 S.Ct. 1868; *Moki Mac River Expeditions,* 221 S.W.3d at 575–76; *Mic-hiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 790 (Tex.2005).

The "touchstone" of jurisdictional due process analysis is "purposeful availment." *Michiana,* 168 S.W.3d at 784 (citing *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)). "[I]t is essential in each case that there be some act by which the *defendant purposefully avails* itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Michiana,* 168 S.W.3d at 784 (quoting *Hanson,* 357 U.S. at 253, 78 S.Ct. 1228, emphasis added by *Michiana* court). We consider several factors in determining "purposeful availment." *See Moki Mac,* 221 S.W.3d at 576; *Michiana,* 168 S.W.3d at 785; *Lewis v. Indian Springs Land Corp.,* 175 S.W.3d 906, 913–14 (Tex.App.-Dallas 2005, no pet.). First, it is only the defendant's contacts with the forum that count: purposeful availment "ensures that a defendant will not be haled into a jurisdiction solely as a result of ... the 'unilateral activity of another party or a third person.'" *Michiana,* 168 S.W.3d at 785 (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). Second, the acts relied upon must be "purposeful" rather than "random, isolated or fortuitous." *Michiana,* 168 S.W.3d at 785 (quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984)). Third, a defendant must seek some benefit, advantage, or profit by "availing" itself of the jurisdiction. *Michiana,* 168 S.W.3d at 785. By invoking the benefit and protections of a forum's laws, a nonresident consents to suit there. *Michiana,* 168 S.W.3d at 785 (citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 580, 62 L.Ed.2d 490 (1980)); *Lewis,* 175 S.W.3d at 914.

## General Jurisdiction

In its fifth issue, Rushmore contends the trial judge erred in concluding Frey lacked substantial continuous and systematic contacts with Texas to support the exercise of general jurisdiction. Rushmore alleges eight contacts that it claims establish continuous and systematic contacts between Frey and Texas, including (i) Frey was employed by Rushmore, a Texas corporation, for twenty-two months; (ii) Frey identified Rushmore and its Texas home office as her employer on applications, government forms, and official tax forms; (iii) Frey physically visited Texas on at least five different occasions to visit Rushmore's home office; (iv) Frey "represented to the public that she is located in Texas through her Rushmore business cards and extension and voice mailbox at Rushmore's home office;" (v) Frey received compensation drawn on a Texas bank; (vi) Frey solicited at least twenty-three customers in Texas for the purposes of securing business and generating income through commissions; (vii) Frey participated in at least half a dozen sales meetings in Texas; and (viii) Frey directed phone calls and emails at Texas residents on a daily basis.

We conduct a de novo review of the trial judge's conclusion that Frey's contacts with Texas were not sufficient to justify exercising general jurisdiction. *See Hoffmann*, 180 S.W.3d at 345. Most of the contacts alleged by Rushmore deal with actions performed or required by Rushmore; however, when considering whether a party's contacts are sufficient to exercise general jurisdiction, we look only to Frey's actions and not those of other parties. *See Michiana*, 168 S.W.3d at 785.

In unchallenged fact findings, the trial judge found Frey was never a resident of Texas, did not maintain an office or place of business in Texas, had a broker license registered with the SEC only in Pennsylvania, was paid through automatic deposit to a bank account outside of Texas, was not assigned a territory that included Texas, did not develop any business for Rushmore in Texas, did not receive any commissions from income generated in Texas, and did not submit any documents to federal agencies indicating her address was in Texas. The judge further found that Frey did not create a business card with a Texas address or phone number; rather, the business cards with Frey's work address were provided by Rushmore, and Frey's five or six trips to Texas to attend orientation and sales meetings were all at the direction and demand of Rushmore. Because Rushmore does not challenge the trial judge's fact findings, we treat these unchallenged fact findings as true. *See Hotel Partners*, 847 S.W.2d at 632. And, in light of these unchallenged findings, we agree with the trial judge's conclusion that Frey lacked continuous and systematic contacts with Texas necessary to support general jurisdiction and, therefore, did not purposefully avail herself of the privilege of conducting business in Texas. *See BMC Software*, 83 S.W.3d at 798; *see, e.g., Helicopteros*, 466 U.S. at 414, 104 S.Ct. 1868 (ruling nonresidents' contacts of purchasing helicopters and equipment totaling four million dollars and sending employees and management to train in the state were not "substantial" enough to warrant general jurisdiction). Therefore, we overrule Rushmore's fifth issue.

## Specific Jurisdiction

In its third and fourth issues, Rushmore contends the trial judge erred in concluding Frey lacked sufficient contacts to give the trial court specific jurisdiction over her. Under the third issue, Rushmore claims Frey's execution of a written contract while she was in Texas is

sufficient to give the trial court specific jurisdiction. In its fourth issue, Rushmore argues Frey's twenty-two month course of employment with a Texas firm is also sufficient to support specific jurisdiction. We disagree.

For the trial court to have specific jurisdiction, Frey's actions are required to be "purposeful," seeking some benefit, advantage, or profit by "availing" herself of Texas jurisdiction. *See Moki Mac,* 221 S.W.3d at 576; *Michiana,* 168 S.W.3d at 785. We focus our analysis on the relationship between the defendant, the forum, and the litigation to determine whether Frey's alleged liability arises from or is related to activity conducted in Texas. *See Helicopteros,* 466 U.S. at 414, 104 S.Ct. 1868; *Moki Mac,* 221 S.W.3d at 575–76; *BMC Software,* 83 S.W.3d at 796. When an employee lives and works outside of Texas, employment "by a company with its principal place of business in Texas is not sufficient to establish the requisite minimum contacts with Texas." *Gustafson v. Provider HealthNet Servs., Inc.,* 118 S.W.3d 479, 483 (Tex.App.-Dallas 2003, no pet.). And merely contracting with a Texas company does not necessarily constitute "purposeful availment" for jurisdictional purposes. *See Burger King Corp.,* 471 U.S. at 478, 105 S.Ct. 2174; *Counter Intelligence, Inc. v. Calypso Waterjet Systems, Inc.,* 216 S.W.3d 512, 518 (Tex.App.-Dallas 2007, pet. denied).

While affidavits submitted by both parties conflict as to whether the employment contract was sufficient to establish minimum contacts, the trial judge found the parties' contract required Frey to "devote her full efforts towards employment but did not require performance in Texas." The trial judge also found (i) Rushmore made the job offer to Frey in Pennsylvania, (ii) Frey was not assigned any clients in Texas, was not assigned a territory that included Texas, did not develop business in Texas, and did not earn any commissions for business generated in Texas, and (iii) the contract did not contain a venue provision. Because Rushmore does not challenge these fact findings, they are binding on us. *Hotel Partners,* 847 S.W.2d at 632 ("The trial court's findings of fact are binding upon the appellate court unless challenged on appeal."). After reviewing the evidence and the trial judge's unchallenged findings, we conclude the trial judge did not err in concluding Frey's alleged liability did not arise from or was not related to activity conducted within Texas. *See Moki Mac River Expeditions,* 221 S.W.3d at 575–76; *BMC Software,* 83 S.W.3d at 796. We overrule Rushmore's third and fourth issues.

The trial judge did not err in granting Frey's special appearance. Furthermore, in light of our disposition of issues three, four, and five, we need not address Rushmore's remaining issues. *See* Tex.R.App. P. 47.1.

We affirm the trial court's judgment.